UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MURASHEA BOVELL,

                                    Plaintiff,                                21-cv-01621 (PMH)(AEK)

             -v-

CITY OF MOUNT VERNON, New York, GLENN
SCOTT, individually and in his official capacity as
Police Commissioner of the Mount Vernon Police
Department, SHAWN HARRIS, individually and in
his official capacity as former Police Commissioner
of the Mount Vernon Police Department,
RICHTON ZIADIE, individually and in his official
capacity as Chief of Mount Vernon Police
Department, GREGORY ADDISON, individually
and in his official capacity within the Mount Vernon
Police Department, MICHAEL KUSHNIR,
individually and in his official capacity within the
Mount Vernon Police Department, ANGELES
CHEUNG, individually and in her official capacity
within the Mount Vernon Police Department,
GARY ISHKANIAN, individually, and in his
official capacity within the Mount Vernon Police
Department.

                                    Defendants.
------------------------------------------------------------------X



**Joint Pre-Trial Order Pursuant to Rule 26(a)(3) and
the Court's Individual Practice Rule 6(A)**

i.        **The Full Caption**

The full caption is included above.

ii.       **The Amount Of Trial Time Each Party Anticipates Needing For Its Case In Chief**

   a. Plaintiff expects its case in chief to last approximately five days.

   b. Defendants expects its defense to last five (5) days.

iii.      **The Names, Addresses (Including Firm Names), Email Addresses And Office And Mobile Telephone And Fax Numbers Of Trial Counsel**

| For the Plaintiff: | For the Defendants: |
|---|---|
| **Joseph W. Murray** | **John W. Buckley** |
| Joseph Murray, Esq. | Oxman Law Group, PLLC |
| 185 Great Neck Rd, Ste. 461 | 120 Bloomingdale Road, Ste. 100 |
| Great Neck, New York 11201 T | White Plains, New York 10605 |
| (646) 838-1702 | jbuckley@oxmanlaw.com |
| M (718) 514-3855 | T  (914) 422-3900 |
| F  (646) 514-4771 | M (845) 274-5212 |
| joe@jmurray-law.com | F  (914) 422-3900 |
| | |
| **Robert M. Fantone** | |
| Mancilla & Fantone, LLP | |
| 260 Madison Avenue, 22nd Fl. | |
| New York, New York 10016 | |
| T  (646) 225-6686 | |
| M (585) 613-6204 | |
| F  (646) 255-0269 | |
| robert@law-mf.com | |

iv.       **Statements Regarding Subject Matter Jurisdiction And Objections**

a.            **Plaintiff's Statement**

Jurisdiction is founded upon 28 U.S.C. § 1331 in that Plaintiff alleges claims which arise

under the laws of the United States; 28 U.S.C. § 1343(1) in that Plaintiff seeks to recover damages

from the deprivation of Plaintiff's civil rights in the furtherance of defendants' conspiracy pursuant to 42 U.S.C. § 1985(3); 28 U.S.C. § 1343(2) in that Plaintiff seeks to recover damages from defendants who failed to prevent or failed to aid in preventing damages caused by defendants conspiracy pursuant to 42 U.S.C. § 1985(3), that defendants had knowledge of and the power to prevent; 28 U.S.C. § 1343(3) in that Plaintiff seeks to recover damages from defendants to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; 28 U.S.C. § 1367 in that Plaintiff invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims.

### b.      Defendants' Objections to Subject Matter Jurisdiction

The defendants do not contest the subject matter jurisdiction of this Court.  The Court has jurisdiction pursuant to 28 U.S.C. ∫1343(3), 28 U.S.C. 1367 and 42 U.S.C. ∫1985(3).

### v.      Statements regarding claims and defenses

### a.      Plaintiff's Claims:

The gravamen of Plaintiff's causes of action asserts discrimination and retaliation pursuant to Ttile VII and 42 U.S.C. s. 1983 (implicating the First Amendment).   Mr. Bovell first attempted to bring change to the extensive racism and corruption that Mr. Bovell witnessed first-hand within the Mount Vernon Police Department ("MVPD") by reporting relevant instances of such to superiors within the Mount Vernon Police Department, and subsequently the Mayor of Mount Vernon. Mr. Bovell eventually filed a civil complaint in Federal Court, detailing several instances of racism and corruption.  Time passed, nothing was done, and the leadership of the

MVPD continued to protect the corrupt and racist members of the MVPD. During this time, several members of the MVPD retaliated against Mr. Bovell due to his disclosures.

Nevertheless, Mr. Bovell was determined to make a change. He brought these issues into the national spotlight by disclosing the information he had, as well as tape recordings he made, to the Gothamist media outlet, which spread news of the MVPD's racist and corrupt practices to the world. Mr. Bovell's disclosures kicked off an investigation by the Westchester County District Attorney's Office, as well as the Department of Justice. They also caused the transfer of one of the MVPD's most troublesome officers, Detective Camillo Antonini. However, Mr. Bovell continued to experience retaliation by those within the MVPD.

### b. Defendants' Defenses

The defendants deny that the City, its elected officials, its employees, its contractors or agents discriminated or retaliated against the plaintiff in any way. In fact, despite a spotty attendance record and a documented history of filing unfounded complaints, the plaintiff advanced in his career by securing coveted assignments in the Mount Vernon Police Department ("MVPD") and was promoted to the rank of Sergeant prior to the initiation of the current action.

The defendants deny the plaintiff's allegation that he acted as a whistleblower to reveal corrupt and racist practices in the MVPD. Despite being given repeated access to senior police and elected officials, he was never able to provide those officials with substantive proof of any concerted pattern of racist or corrupt behavior within the MVPD. His complaints were determined to be without merit by both City officials, and a Federal Court.

The plaintiff's Complaint conveniently ignores the fact that during the time period in which he alleges a pattern of racism both the City Administration and the MVPD were racially diverse. In fact, during the entirety of the plaintiff's employment, the Police Commissioner was a Black

person, the MVPD leadership team contained numerous Black officers, three successive Mayors were Black and the members of the City Council were all Black. It strains credulity to believe that the plaintiff was singled out for disparate treatment based on his race when the leadership was so diverse.

The plaintiff's claim that it was he who raised the specter of racism within the MVPD is also without merit. Both the Westchester County District Attorney's and the Department of Justice investigations focused on the MVPD's treatment of the City's Black citizens. Neither investigation looks at racism within the MVPD.

The defendants specifically deny that the transfer of Detective Camillo Antonini was precipitated by any whistleblower action taken by the plaintiff.

### vi.     **Statement regarding Jury Demand and Length of Trial**

Both Parties are demanding a trial by jury and expect the length of the trial to be ten days, exclusive of jury selection.

### vii.     **Statement regarding consent to trial before the Magistrate**

Plaintiff consents to the trial being conducted by the Magistrate Judge. The defendants also consent to the Magistrate Judge conducting the trial.

### viii.     **Stipulations and/or Agreed Statements of Fact or Law**

N/A

### ix.     **Witness Lists**

Plaintiff Anticipates Calling the following witnesses, as noted in Plaintiff's Rule 26(a) initial disclosures:

1.  <u>Name</u>: Sergeant Elio Rucci
    <u>Contact</u>: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; Phone: 914-665-2500
    <u>Information</u>: 6th Notice of Claim. Gave plaintiff unjust/unfair evaluation knowing that plaintiff was injured in the line of duty, but Sgt. Rucci counted plaintiff's line of duty days as if they were regular sick days. This was appealed by plaintiff but has still not been corrected. This involves approximately 60 sick days wrongfully debited from plaintiff's sick leave balances. Line of Duty sick days are not deducted from plaintiff's sick leave balances.

2.  <u>Name</u>: Chief Marcel Olifiers
    <u>Contact</u>: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; Phone: 914-665-2500
    <u>Information</u>: 6th Notice of Claim. Chief was involved in plaintiff's appeals of plaintiff's unjust/unfair evaluation and conversion of plaintiff's sick leave balances. Informed plaintiff that he would reimburse plaintiff's sick leave balances but bit still has not been remedied.

3.  <u>Name</u>: Lieutenant Robert Wuttke
    <u>Contact</u>: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; Phone: 914-665-2510
    <u>Information</u>: Involved in the police corruption within the MVPD

4.  <u>Name</u>: Police Commissioner Shawn Harris
    <u>Contact</u>: 1 Hill Ave, Washingtonville, NY 10992; Phone: 914-879-5788
    <u>Information</u>: Involved with police corruption and retaliation against plaintiff. Directed plaintiff to submit to bogus fitness for duty exams; ordered plaintiff to surrender his firearms; placed plaintiff on involuntary unpaid leave; denied plaintiff due process of law in failing to hold a Civil service Law § 72 hearing, despite due demand for same.

5.  <u>Name</u>: Lieutenant Paul Nawrocki
    <u>Contact</u>: 82 Orchard Road, Mahopac, NY 10541
    <u>Information</u>: Involved with police corruption and retaliation against plaintiff. Conspired with Police Commissioner Shawn Harris to retaliate against plaintiff.

6.  <u>Name</u>: Police Officer John Campo
    <u>Contact</u>:  MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; Phone: 914-665-2510

**Information**: He witnessed police corruption and even participated in police misconduct at MVPD. Plaintiff had recorded conversations between him and PO Campo which are provided bellow.

7.     **Name**: Chief Richton Ziadie
       **Contact**: 3609 Boller Avenue, Bronx New York
       **Information**: Witnessed police corruption and retaliation against plaintiff. Plaintiff recorded a conversation between Chief Ziadie and plaintiff in which Chief Ziadie informed plaintiff that it was Police Commissioner Shawn Harris who orchestrated the retaliation against plaintiff.

8.     **Name**: Dr. Gary Ishkanian
       **Contact**: 12 North 7th Avenue, Mount Vernon, New York
       **Information**: Part of the corruption with the MVPD in wrongfully denying plaintiff his line of duty medical benefits and failed to approve medical treatment for plaintiff's line of duty injury.

9.     **Name**: Dr. Angeles Chung
       **Contact**: 445 Park Avenue, New York, New York 10222
       **Information**: MVPD Psychological doctor who conducted the bogus fitness for duty examination and prepared the report that resulted in the wrongful removal of plaintiff's firearms and being placed on unpaid medical leave.

10.     **Name**: Lieutenant Gregory Addison
       **Contact**: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; Phone: 914-665-2510
       **Information**: Part of the police corruption and retaliation against plaintiff. He was present when plaintiff discovered the small rubber rat which was placed near plaintiff's locker in the locker room and ran out laughing out loud. He was also present during roll call when Sgt. Kushnir called plaintiff a rat. Both Sgt Kusnir and Lt. Addison were laughing about it in the hallway, while looking at plaintiff. He also played a roll in the denial of plaintiff's line of duty medical treatment. Lt. Addison was present when plaintiff appealed his unjust/unfair evaluation in or around 2020. Plaintiff provided the conversion documents to Lt. Addison in order to have his sick days restored. Ordered plaintiff in to submit to an improper drug test.

11.     **Name**: Sergeant Michael Kushinir
       **Contact**: 9 Sharon Way, Yonkers, New York

Information:  Part of the police corruption and retaliation against plaintiff. Sgt. Kushinir called plaintiff a rat in front of other officers at roll call. He was then suspended and retired.

12.    Name: Chief Steven Sexton
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; Phone: 914-382-9667
       Information: Spear headed team to fight against corruption within the MVPD against Chief Richtton Zadie and others. He wrote plaintiff's injury report which he modified it negatively against plaintiff as a result of pressure from Deputy Chief Rolland.

13.    Name: Detective Allen Patterson
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 929-3433-8021
       Information: Witnessed corruption within the police department, including the narcotics unit. He is also on recorded conversations with plaintiff talking about police misconduct.

14.    Name: Sergeant Jean-Jerome
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-490-5938
       Information: PBA representative: Witnessed police corruption within the police department and how plaintiff was mistreated.

15.    Name: Sergeant Brent Gamble
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-403-9196
       Information: Former PBA President; was aware of the police corruption and retaliation against plaintiff.

16.    Name: Detective Alec Francis
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550
       Information: Knew about police corruption and retaliation against plaintiff. As Internal Affairs officer, he was present at depositions in plaintiff's prior related lawsuit. Compelled plaintiff to submit to non-random (as per PBA contract) drug test.

17.    Name: Detective Anthony Burnett
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550
       Information: Compelled plaintiff to submit to non-random (as per PBA contract) drug test.

18.    Name: Detective Benny Guiterez
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
       Information: Knows about detailed corruption within the MVPD

19.    Name: Sergeant Sean Fagan
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
       Information: Facilitated, encouraged and engaged in corruption within the MVPD

20.    Name: Dispatcher Twana Richards
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
       Information: Knows about and witnessed corruption in the City.

21.    Name: Robert J. Ponzi
       Contact: 1133 Westchester Avenue, Suite N-202, White Plains, NY; (914) 505-
       6122
       Information: Participated in and steered various corrupted hearings on behalf of
       MVPD City of Mount Vernon, was also disbarred.

22.    Name: Dr. Sanjiv Bansal
       Contact: 2705 Williamsbridge Road, Bronx, New York 10469; (718) 515-9800.
       Information: Is aware of corruption by MVPD use of medical needs as a means of
       retaliation or management tool.

23.    Name: Captain Roy Hastings
       Contact:
       MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
       Information: Is aware of and participated in corrupt practices within the MVPD

24.    Name: Detective Avion Lee
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
       Information:  Is aware of corrupt practices within the MVPD

25.    Name: Police Officer Joseph Diaz
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
       Information: Is aware of and witnessed corrupt practices within the MVPD

26.    Name: Police Officer George Monge PBA
       Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
       Information: Is aware of corrupt practices within the MVPD

27.   Name: Police Officer Daniel Denenedicts PBA
        Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
        Information: Is aware of corrupt practices within the MVPD

28.   Name: Dr. Gregory I. Mack, PhD.
        Contact: 220 Route 6, Mahopac, NY 10541; 845-282-3367
        Information: Treatment provider to plaintiff

29.   Name: Cindy Maric, LCSW
        Contact: 731 Saw Mill River Road, Suite 7, Ardsley, NY 10502; (516) 330-1818
        Information: Treatment provider to plaintiff

### b. Defendant's Anticipated Witnesses

The defendants reserve the right to call any witness identified as a plaintiff potential witness. In addition, the defendants reserve the right to call the following additional witnesses:

1.   Mayor Shawyn Patterson -Howard
     Contact: 1 Roosevelt Square N, Mount Vernon. NY 10550; (914) 665-2300
     Information: City equal opportunity practice and procedures; City requests for third party investigations

2.   Brian Johnson, Corporation Counsel
     Contact: 1 Roosevelt Square N, Mount Vernon. NY 10550; (914) 665-2300
     Information: City equal opportunity practice and procedures: City investigations into plaintiff's complaints

3.   Michael Lentini, Legal Investigator,
     Contact: 1 Roosevelt Square N. Mount Vernon, NY 10550
     Information: City investigations into plaintiff's complaints.

### x.      Testimony from Unavailable Witnesses

                        **N/A**

### xi.     Exhibit Lists

        Please see attached Excel spreadsheet containing Plaintiff's proposed exhibits

xii. **Relief Sought**

    a. $65,330.20 in economic damages stemming from:

        i.    $22,000.00 tax free sick time that Plaintiff lost because his injury was not designated line-of-duty;

        ii.    $2,000.00 in lost deferred compensation benefits;

        iii.    $500.00 to Dr. Paul Gunser to perform a "fit for duty" exam and report to combat Defendants' fraudulent exam;

        iv.    $6,250.00 in Attorneys' fees expended to combat Defendants' efforts to remove Plaintiff's firearm licenses/permits and other issues;

        v.    $4,000.00 in back pay for time Plaintiff was improperly placed on unpaid leave;

        vi.    $30,000.00 in lost stipend pay stemming from Defendants' unjust failure to promote Plaintiff to Detective (10 years multiplied by a $3,000.00 stipend per year);

        vii.    $500.00 in mailing and postage; and,

        viii.    $11,480.00 in interest on certain of these items, at the rate of 9 percent, per annum (per the CPLR);

    b. $50,000.00 for pain and suffering caused by the Defendants' actions that led to the improper medical treatment of his injuries;

    c. $500,000.00 in emotional damages stemming from the racism, retaliation, and hostile workplace created by the Defendants (Plaintiff has been receiving ongoing therapy since 2018);

    d. The following amounts for each individual defendant in punitive damages:

GLENN SCOTT            $500,000.00

SHAWN HARRIS           $500,000.00

| RICHTON ZIADIE | $250,000.00 |
| --- | --- |
| GREGORY ADDISON | $250,000.00 |
| MICHAEL KUSHNER | $250,000.00 |
| ANGELES CHEUNG | $250,000.00 |
| GARY ISHKANIAN | $250,000.00 |

e.   An award of attorneys' fees calculated by multiplying the hours spent by $500.00 per hour.

**xiii.      <u>Statement regarding a less than Unanimous Verdict</u>**

Plaintiff consents to a verdict by a less than unanimous jury finding.

Defendant does not consent to a less than unanimous jury finding.

**xiv.      <u>Modification of Order</u>**

IT IS FURTHER ORDERED THAT the Court may, in order to prevent manifest

injustice or for good cause shown, at the trial of the action or prior thereto, upon

application of counsel for any party made in good faith, or upon the Court's own

motion, modify this Joint Pretrial Order to the extent that the Court may deem such

modification to be just and proper.

Dated: July 29, 2022
　　　New York, New York

　　　　　　　　　　　　　JOSEPH W. MURRAY, ESQ.

　　　　　　　　　　　　　*/s/ Joseph Murray*
　　　　　　　　　　　　　Joseph W. Murray, Esq.
　　　　　　　　　　　　　185 Great Neck Road, Suite 461
　　　　　　　　　　　　　Great Neck, New York 11021
　　　　　　　　　　　　　Cell Phone (718) 514-3855

Office Phone (646) 838-1702
Email: joe@jmurray-law.com


MANCILLA & FANTONE, LLP

By:    */s/ Robert Fantone*
Robert M. Fantone, Esq.
260 Madison Avenue, 22nd Floor
New York, NY 10016
P: (646) 225 – 6686
F: (646) 655 – 0269
robert@law-mf.com


By:    */s/ Andrew Mancilla*
Andrew Mancilla, Esq.
andrew@law-mf.com

*Attorneys for Plaintiff Bovell*

OXMAN LAW GROUP, PLLC

By:    *s/s John W. Buckley*
John W. Buckley, Esq.
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
jbuckley@oxmanlaw.com
*Attorneys for Defendants*


To:    All parties of record via ECF