UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MURASHEA BOVELL,                                                          21-CV-01621 (PMH)(AEK)

                                        Plaintiff,

           -v-                                                           **PLAINTIFF'S PROPOSED**
                                                                         **JURY INSTRUCTIONS**

CITY OF MOUNT VERNON, New York, GLENN
SCOTT, individually and in his official capacity as
Police Commissioner of the Mount Vernon Police
Department, SHAWN HARRIS, individually and in
his official capacity as former Police Commissioner
of the Mount Vernon Police Department,
RICHTON ZIADIE, individually and in his official
capacity as Chief of Mount Vernon Police
Department, GREGORY ADDISON, individually
and in his official capacity within the Mount Vernon
Police Department, MICHAEL KUSHNIR,
individually and in his official capacity within the
Mount Vernon Police Department, ANGELES
CHEUNG, individually and in her official capacity
within the Mount Vernon Police Department,
GARY ISHKANIAN, individually, and in his
official capacity within the Mount Vernon Police
Department.

                                        Defendants.

-----------------------------------------------------------------X

         Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Plaintiff respectfully

requests that the Court give the following instructions to the jury, and such other instructions as

may be submitted hereafter in accordance with later proceedings in this action:

**<u>Index of Requests to Charge</u>**

1.     Juror Attentiveness.
2.     Role of the Court
3.     Role of the Jury
4.     Juror Oath.
5.     Jury to Disregard Court's View
6.     Conduct of Counsel.
7.     Race, Religion, National Origin, Sex or Age.
8.     Sympathy
9.     Burden of Proof — General
10.    Preponderance of the Evidence
11.    What Is and Is Not Evidence
12.    Direct and Circumstantial Evidence
13.    Judicial Notice
14.    Stipulation of Facts
15.    Summaries or Charts Admitted as Evidence
16.    Inference Defined.
17.    Witness Credibility
18.    Bias
19.    The Statute
20.    Purpose of the Statute
21.    Plaintiff's Burden of Proof.
22.    Essential Elements of a Section 1983 Claim
23.    Definition
24.    State Official Acting Under Color of State Law
25.    General Instruction.
26.    State of Mind — Intentional
27.    State of Mind — Reckless Disregard.
28.    Municipalities — General Instruction
29.    Municipalities – Practice and Custom
30.    Municipalities - Adequate Training
31.    Proximate Cause — Generally.
32.    Intentional Discrimination [Disparate Treatment] in New York Human Rights Law
Employment Cases — Essential Elements — The Statute
33.    Similarly Situated.
34.    Retaliation
35.    Hostile Work Environment
36.    Multiple Claims — Multiple Defendants
37.    Consider Damages Only If Necessary

1

38.     Actual/Compensatory Damages
39.     Calculation of Past and Future Damages
40.     Punitive Damages — General Instruction
41.     Municipal Immunity From Punitive Damages
42.     Nominal Damages
43.     Jury Deliberations — Right to See Exhibits and Hear Testimony; Communications With Court
44.     Duty to Deliberate/Unanimous Verdict
45.     Deadlock Charge: Reaching Agreement
46.     Selection of Foreperson
47.     Return of Verdict
48.     Special Verdict Form

## <u>REQUEST TO CHARGE NO. 1</u>

<u>Juror Attentiveness</u>. Ladies and gentlemen, before you begin your final duty, which is to deliberate and decide the factual issues in this case, I am going to instruct you on the law. You must pay close attention, and I will be as clear as possible. It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged and you have followed the testimony with close attention.

I ask you to give that same attention as I instruct you on the law. [L. Sand, J. Siffert, W. Loughlin, S. Reiss., S. Allen, and J. Rakoff, *Modern Fed. Jury Instructions* (Civil), Instr. 71-1, at p. 71-2 (2010)].

## REQUEST TO CHARGE NO. 2

<u>Role of the Court</u>. You have now heard all the evidence in the case as well as the final argument of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

[Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 71-2, at p.71-3 (citing *Franks v. United States Lines Co.*, 324 F.2d 126 (2d Cir. 1963))].

## REQUEST TO CHARGE NO. 3

Role of the Jury. As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said — or what I may say in these instructions — about a fact in issue to be considered by you as evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you should not consider any answer that I directed you to disregard or that I directed struck from the record.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Mr. Johnson has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and

certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 71-3, at p.71-6 (citing *Hupp v. N. Y. & Cuba Mail S. S. Co.* (S.D.N.Y. 1952) (Bond, J., jury charge))].

## **REQUEST TO CHARGE NO. 4**

<u>Juror Oath</u>. In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

[Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 71- 4, at p.71-9].

## <u>REQUEST TO CHARGE NO. 5</u>

<u>Jury to Disregard Court's View</u>. I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily: it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the Court has been called upon to determine the admissibility of certain evidence, although I have tried to do so, insofar as it was practicable, out of your hearing. You have no concern with the reason for any such rulings and you are not to draw inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the Court and outside the province of the jury. In admitting evidence to which objections have been made, the Court does not determine what weight should be given to such evidence, nor does it assess the credibility of the evidence. Of course, you will dismiss from your mind completely and entirely any evidence which has been ruled out of the case by the Court, and you will refrain from speculation, conjecture or guesswork about the nature or effect of any colloquy between the Court and counsel held out of your hearing or sight. [Adapted from *MODERN FED. JURY*

*INSTRUCTIONS* (Civil), Instr. 71-5, at p.71-10 (citing *Care Travel Co. v. Pan American World Airways Inc.,* 944 F.2d 983, 993 (2d Cir. 1991))].

## REQUEST TO CHARGE NO. 6

Conduct of Counsel. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 71-6, at p.71-14].

## **REQUEST TO CHARGE NO. 7**

<u>Race, Religion, National Origin, Sex or Age.</u> Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendants to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

[Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 71-9, at p. 71-15].

## <u>REQUEST TO CHARGE NO. 8</u>

 <u>Sympathy.</u> Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 71-10, at p. 71-16].

## REQUEST TO CHARGE NO. 9

 Burden of Proof — General. This is a civil case and as such Mr. Bovell has the burden of proving the material allegations of his complaint by a preponderance of the evidence. If after considering all of the testimony you are satisfied that Mr. Bovell has carried his burden on each essential point as to which he has the burden of proof, then you must find for Mr. Bovell on his claim. If after such consideration you find the testimony of both parties to be in balance or equally probable, then Mr. Bovell has failed to sustain his burden and you must find for the defendants. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 73- 1, at p. 73-2].

## REQUEST TO CHARGE NO. 10

 Preponderance of the Evidence. The party with the burden of proof on any given issue has the burden of proving every disputed element of his or their claim to you by a preponderance of the evidence. If you conclude that the party or parties bearing the burden of proof has failed to establish his or their claim by a preponderance of the evidence, you must decide against that person on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and the persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties — that is equally probable that one side is right as it is that the other side is right — then you must decide that issue against the party having the burden of proof. That is, because the party bearing this burden must prove more than simple equality of evidence — he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof — that what the party claims is more

14

likely true than not true — then that element will have been proven by a preponderance of the evidence.

## REQUEST TO CHARGE NO. 11

<u>What Is and Is Not Evidence</u>. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noted facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.

It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question to a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated that he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose — such as for the purpose of assessing a witness's credibility — you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to

Some of you may have heard of proof beyond a reasonable doubt, which is a proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 73-1 and 73-2, at pp. 73-2 to 73-3 (citing *Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997) (quoting *Larson v. JoAnn Cab Corp.* 209 F.2d 929 (2d Cir. 1954)))].

## REQUEST TO CHARGE NO. 12

 Direct and Circumstantial Evidence. There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses — something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this Courthouse. Assume that when you came into the Courthouse this morning the sun was shining and it was a nice day. Assume that the Courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside the Courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

[Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 74-2, at p. 74-5 (citing *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S. Ct. 6 (1960))].

## **REQUEST TO CHARGE NO. 13**

<u>Judicial Notice</u>. I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 74- 3, at p.74-9].

## **REQUEST TO CHARGE NO. 14**

Stipulation of Facts. A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 74-4, at p.74-11].

## **REQUEST TO CHARGE NO. 15**

<u>Summaries or Charts Admitted as Evidence</u>. Both parties have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 74-11, at p.74- 33].

## REQUEST TO CHARGE NO. 16

Inference Defined. During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Mr. Bovell asks you to draw one set of inferences, while the defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. An inference is a deduction or conclusion which you, the jury, are permitted — but not required to draw — from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 75-1, at p.75-2 (citing *Wilkins v. Am. Export Isbrandtsen Lines, Inc.*, 446 F.2d 480 (2d Cir. 1971))].

## REQUEST TO CHARGE NO. 17

<u>Witness Credibility</u>. You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious that the positions of both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor — that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about

which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 76-1, at p.76-2 (citing *Dyer v. MacDoughall,* 201 F.2d 265 (2d Cir. 1952); *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946))].

### REQUEST TO CHARGE NO. 18

Bias. In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 76-2, at p.76-9].

**Plaintiff's Claim Under 42 U.S.C. § 1983**

**REQUEST TO CHARGE NO. 19**

The Statute. The law to be applied in this case if the federal civil rights law, which provides a remedy for individuals (*or* other entities) who have been deprived of their constitutional (*or* statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-65, at pp. 87-78].

## **REQUEST TO CHARGE NO. 20**

Purpose of the Statute. Section 1983 creates a federal remedy for persons who have been deprived by state officials of rights, privileges and immunities secured by the United States Constitution and federal statutes. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-66, at pp. 87-79].

## **REQUEST TO CHARGE NO. 21**

<u>Plaintiff's Burden of Proof</u>. Mr. Bovell has the burden of proving each essential element of his section 1983 claim by a preponderance of the credible evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true. If you find that any of the essential elements of Mr. Bovell's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-67, at pp. 87-80].

**REQUEST TO CHARGE NO. 22**

Essential Elements of a Section 1983 Claim. To establish a claim under section 1983, Mr. Bovell must establish, by a preponderance of the evidence, each of the following three elements:

1.      First, that the acts complained of were committed by the defendant acting under color of state law;

2.      Second, that in committing these acts, the defendant intentionally or recklessly deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

3.      Third, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

I shall now examine each of the three elements in greater detail. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-68, at pp. 87-82].

**<u>REQUEST TO CHARGE NO. 23</u>**

<u>Definition</u>. The first element of Mr. Bovell's claim is that the conduct complained of was committed by the individual defendants acting under color of state law.

Action "under color of state law" means action that is made possibly only because the actor is clothed with the authority of the state. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.

An actor may misuse power that he possess by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-69, at pp. 87-84].

## REQUEST TO CHARGE NO. 24

State Official Acting Under Color of State Law: Mr. Bovell claims that the defendants were acting under color of the law of the State of New York when the defendants allegedly deprived the plaintiff of his constitutional right.

In order for an act to be under color of state law, Mr. Bovell must prove that the defendants here were purporting or pretending to be lawfully exercising his official power when he committed the act, even if, as plaintiff claims, defendant was misusing that power. By contrast, if a state official committed a wrongful act while he was purporting to be acting in his personal capacity, he would not be acting under color of state law. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-71, at pp. 87-90].

## **REQUEST TO CHARGE NO. 25**

General Instruction. The second element of Mr. Bovell's claim is that the defendants, in committing the acts complained of, intentionally or recklessly deprived Mr. Bovell of a federal right. In order for the Mr. Bovell to establish this second element, he must show that those acts that you have found the defendant took under color of state law caused the Mr. Bovell to suffer the loss of a federal right; and, that, in performing those acts, the defendants acted with an intent to deprive the Mr. Bovell of his rights or with a reckless disregard of those rights. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-74, at pp. 87-102].

**REQUEST TO CHARGE NO. 26**

<u>State of Mind — Intentional</u>. An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-76, at p. 87-127].

**<u>REQUEST TO CHARGE NO. 27</u>**

<u>State of Mind — Reckless Disregard</u>. An Act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a defendant did not intentionally seek to deprive Mr. Bovell of his rights, if nevertheless the defendant purposely disregarded the high probability that his actions would deprive Mr. Bovell of his rights, then the second essential element would be satisfied. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-77, at p. 87-128].

## **REQUEST TO CHARGE NO. 28**

Municipalities — General Instruction. The fact that an employee of a municipality deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipality liable to the plaintiff. Before you can hold the municipality liable, Mr. Bovell must establish by a preponderance of the evidence that the action of the employee that deprived him of his federal right was the result either of an official policy of the municipality or a municipal custom that was in place even though such a custom had not necessarily received formal approval through the body's official decision-making channels. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-81, at pp. 87-136].

## **REQUEST TO CHARGE NO. 29**

<u>Municipalities – Practice and Custom</u>. Whether an official practice or custom exists is a question of fact for you to determine. A practice or custom is a persistent, widespread course of conduct by municipal officials (*or* employees) that has become a traditional way of carrying out policy, and has acquired the force of law, even though the municipality has not necessarily formally adopted or announced the custom. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 87-83, at pp. 87-140].

## <u>REQUEST TO CHARGE NO. 30</u>

<u>Municipalities - Adequate Training</u>. Aside from the existence of an official practice or custom, municipalities may also be liable if the deprivation of rights resulted from the failure to provide adequate training to its employees. This can only occur where a municipality fails to provide adequate training, and that failure arises to the level of deliberate indifference to the constitutional rights of citizens (including other employees). Three requirements must be met before you can find that the defendants failed to provide adequate training to prevent a violation of Mr. Bovell's right to intimate association.

First, Mr. Bovell must prove that a policymaker at the Erie County Water Authority knew to a moral certainty that employees would confront the circumstances alleged by Mr. Bovell. This requirement is not met if the circumstances alleged by Mr. Bovell constitute rare or unforeseen events.

Second, Mr. Bovell must prove that employees confronted with the circumstances alleged would be faced with a difficult choice of the sort that training would make less difficult. A difficult choice requires more than the application of common sense. An employer has no obligation to provide adequate training on matters of common sense. A choice might also be difficult where, although the proper course is clear, the employee has powerful incentives to make the wrong choice. Alternatively, Mr. Bovell must prove that employees had a history of mishandling the circumstances alleged.

Third, Mr. Bovell must prove that the wrong choice by Erie County Water Authority employees would frequently cause the deprivation of another's constitutional rights.

This allows municipal policymakers to appropriately concentrate training resources on those situations where employee misconduct is likely to result in a deprivation of constitutional rights.

You must find all three elements to find the defendants liable for failure to provide inadequate training: (1) a policymaker knew to a moral certainty that employees would confront the circumstances alleged; (2) either employees confronted with the circumstances alleged faced a difficult choice of the sort that training would make less difficult or employees had a history of mishandling the circumstances alleged; and (3) a wrong choice by employees would frequently result in a deprivation of constitutional rights. [Adapted from *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992)].

## **REQUEST TO CHARGE NO. 31**

Proximate Cause — Generally. The third element which Mr. Bovell must prove under § 1983 is that the defendants' acts were a proximate cause of injuries sustained by Mr. Bovell. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendants' acts. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-79, at pp. 87-130].

**Plaintiff's Disparate Treatment Claim**

**REQUEST TO CHARGE NO. 32**

Intentional Discrimination [Disparate Treatment] in New York Human Rights Law Employment Cases — Essential Elements — The Statute. Mr. Bovell claims that he suffered intentional employment discrimination on the basis of race, in violation of the New York Human Rights Law. That law provides in pertinent part that it shall be an unlawful employment practice for an employer—

"because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to . . . discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor in any employment practice, even though other factors may have also motivated the practice. A "'motivating factor" is a factor that played some part in defendant's employment practice decision.

To prove his claim, Mr. Bovell must prove by a preponderance of the evidence:

1.  First, that defendant terminated the Mr. Bovell's employment, and

2.  Second, that Mr. Bovell's race was a motivating factor in defendant's decision.

You must find for the defendant if either of these elements has not been proved by Mr. Bovell. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 88-42, at pp. 88- 133; N.Y. Exec. Law § 296(1)(a)].

## <u>REQUEST TO CHARGE NO. 33</u>

<u>Similarly Situated</u>. Mr. Bovell has offered evidence concerning whether other employees who were "similarly situated" were treated differently in an attempt to show that race was a motivating factor in the defendants decision to terminate him. In evaluating this evidence, you must consider what it means for another employee to be "similarly situated." The phrase "similarly situated" means that there is a close resemblance of the facts and circumstances of Mr. Bovell's and the comparator's cases. It is not required that the circumstances be identical, but the comparator must be similarly situated in all material respects. An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct. [Adapted from *Ruiz v. County of Rockland*, 2010 WL 2541179, at *5 (2d Cir. June 25, 2010)].

**Plaintiff's Retaliation Claim**

**REQUEST TO CHARGE NO. 34**

Retaliation. Mr. Bovell also claims that the defendants retaliated against him because he complained of unlawful discrimination. Opposing discrimination in employment is a protected activity, whether justified or not. Accordingly, to make out his claim of retaliation, Mr. Bovell must prove, by a preponderance of the evidence, each of the following essential elements:

1. That he complained of discrimination in his employment, specifically disparate treatment on the basis of race or a hostile work environment;

2. That the defendant was aware of Mr. Bovell's complaint;

3. That Mr. Bovell was then subjected to a material adverse action by the defendant, specifically his termination from employment; and

4. That the defendant took the adverse action, at least in part, because of Mr.Bovell's complaint.

With respect to the third element, an adverse action is "material," in terms of a retaliation claim, if it might have discouraged a reasonable worker from complaining about similar discrimination. The adverse action itself, however, need not be related to Mr. Bovell's employment.

With respect to the fourth element, the defendant need not have taken the adverse action solely, or even primarily, because of Mr. Bovell's protected activity; but the defendant must have taken the adverse action at least in part because of an intent to retaliate against Mr. Bovell for complaining about employment discrimination. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 88-46, at pp. 88-146].

**<u>Plaintiff's Hostile Work Environment Claim</u>**

**<u>REQUEST TO CHARGE NO. 35</u>**

<u>Hostile Work Environment</u>. Here, Mr. Bovell contends that the discriminatory employment action taken against him on account of his race was the creation of what is called a "hostile work environment." To establish a claim under this approach, Mr. Bovell must prove, by a preponderance of the credible evidence, each of the following elements:

1.       that his workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive as to alter the conditions of his work environment; and

2.       That a specific factual basis exists for imputing the conduct that created the hostile environment to the employer. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 88-45, at pp. 88-142; *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 715 (2d Cir. 1996)].

**REQUEST TO CHARGE NO. 36**

Multiple Claims — Multiple Defendants. I have two more cautionary instructions before I define the types of damages you may award, if you find that Mr. Bovell has proved liability according to the standards I have just enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim — he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

On a related matter, I instruct you that punitive damages are only available, in your discretion, to Mr. Bovell under his § 1983 claim for violation of his right to intimate association. They are not available under the New York Human Rights Law for Mr. Bovell's disparate treatment, retaliation, or hostile work environment claims.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are multiple defendants in this case, it does not follow that if one is liable, all of any one of the others are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for the purposes of deciding damages. If you decide that two or more of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 77-2, at pp. 77-3 to 77-4].

## **REQUEST TO CHARGE NO. 37**

Consider Damages Only If Necessary. If Mr. Bovell has proven by a preponderance of the credible evidence that the defendants are liable, only then you must determine the damages to which Mr. Bovell is entitled. However, you should not infer that Mr. Bovell is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Mr. Bovell is entitled to recover on his claim. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 77-1, at p. 77-1].

## REQUEST TO CHARGE NO. 38

Actual/Compensatory Damages. If you find that Mr. Bovell has established the defendants' liability, then you must award Mr. Bovell such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of defendant's decision to terminate him. Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits Mr. Bovell would have earned in his employment with defendant if he had not been discharged on April 24, 2006 through the date of your verdict, *minus* the amount of earnings and benefits that he received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by Mr. Bovell, such as mental anguish, emotional pain, suffering, inconvenience, or loss of enjoyment of life, for example. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

These damages are referred to as "compensatory damages." I remind you that you may award compensatory damages only for injuries that Mr. Bovell proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Bovell has actually suffered.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use your sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

You are also instructed that Mr. Bovell has a duty under the law to "mitigate" his damages—that is to exercise reasonable diligence under the circumstances to minimize his damages. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity. Therefore, if you find by the preponderance of the evidence that Mr. Bovell failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 88-70, at pp. 88-154.1 (citing *Broadnax v. City of New Haven*, 415 F.3d 265 (2d Cir. 2005)) and Instr. 77-3, at pp. 77-5 to 77-6; and Instr. 77-7 at pp. 77-34].

## <u>REQUEST TO CHARGE NO. 39</u>

<u>Calculation of Past and Future Damages</u>.

a.   Damages accrued: If Mr. Bovell prevails on a claim, he is entitled to recover an amount that will fairly and adequately compensate him for any damages sustained to date.

b.   Calculation of future damages: If you find that Mr. Bovell is reasonably certain to suffer damages in the future from his injuries then you should award him such amount as you believe would reasonably compensate Mr. Bovell for such future damages. In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census.

c.   Reduction of future damages to present value: If you should find that Mr.

Bovell is entitled to a verdict which is based in part on future damages, including future earnings or future pain and suffering, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damages, since the award of future damages necessarily requires that payment be made now for a loss that will actually not be sustained until some future date.

Under these circumstances, the result is that the plaintiff will, in effect, be reimbursed in advance of the loss and will have the use of money which he would not have received until a future date but for the verdict.

In order to make a reasonable adjustment for the present use, interest-free, of money representing a lump sum payment of anticipated future loss, the law requires that the jury discount or reduce to its present worth the amount of the anticipated future loss by taking, one,

the interest rate or return which Mr. Bovell would reasonably expect to receive on the investment of a lump sum payment together with two, the period of time over which the future loss whatever that amount would reasonably be certain to earn or return if invested at such a rate of interest over such a future period of time.

Then you should include in your verdict an award for only the present worth, the reduced amount of the total anticipated future loss.

It is not as difficult as it may seem. For example, applying your common sense once again, let us say that a person offered you $100 a year for ten successive years, and that amounts to $1000, 100 times 10. Now, ask yourselves, what would be the reasonable amount for you to demand and for you to expect him to pay you today that represents the present value of that commitment on his part to pay you $100 a year for ten consecutive years. To compute that figure you would want to know what the interest rate was on the amount that you would be receiving, and how many years you would be collecting that interest. You would make a determination thereby of the present value of the future loss; and this instruction relates to those items of damages that relate to future loss, not to those items which relate to loss which has already occurred.

Regarding calculating the present value of future wages, you may apply one of two alternative methods. The first method expressly addresses the probable effect of inflation on both future wages and interest rates. Applying this method, you should consider the effect that both inflation and non-related inflation factors, such as increases in productivity and seniority, would have on the Mr. Bovell's future income. Bear in mind that Mr. Bovell has the burden of proving the likelihood of increased wages stemming from increased productivity.

Once their future wages are determined, they should then be discounted by a rate of interest not less than that being currently paid by banks on savings deposits.

The second method, which you may prefer due to its ease of application, determines present value by considering a world in which neither wages nor interest rates would be affected by inflation. Applying this alternative method, you should first determine the Mr. Bovell's future income by considering only those increases in wages which he has convinced you that he would have received in the absence of inflation; that is, raises due to increased skill, seniority, and similar factors. Such wages should then be discounted by a rate of interest that would prevail in a world without inflation. Although experts disagree on the subject, the court feels it wise to advise you that historical real interest rates have hovered between 1 and 3 percent. In determining the particular interest rate to apply, however, you are to consider all evidence which suggests that the discount rate will be other than this 1 to 3 percent figure.

d.   Treatment of taxes: If you arrive at a verdict in favor of Mr. Bovell, you may not add

any sun of money to the verdict for federal or state income taxes, as the sum recovered by

Mr. Bovell is not subject to tax.

[Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 77-4, at pp. 87-14 to 77-16].

## REQUEST TO CHARGE NO. 40

Punitive Damages — General Instruction. In addition to the damages mentioned in the other instructions, the law permits the jury, in its discretion under limited circumstances to award an injured person punitive damages. Remember, these damages are only available if you find a defendant liable on Mr. Bovell's § 1983 claim. Punitive damages cannot be awarded under the New York Human Rights Law based on Mr. Bovell's disparate treatment, hostile work environment, or retaliation claims.

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant from committing such conduct in the future. Punitive damages are appropriate only for especially shocking and offensive conduct.

You may award the Mr. Bovell punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff, Mr. Bovell, has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An award of punitive damages is entirely discretionary. If you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you

may decide not to award them. In making this decision, you should consider the underlying

purpose of punitive damages. Punitive damages are awarded in the jury's

discretion to punish a defendant for outrageous conduct or to deter him from performing similar

conduct in the future. Thus, in deciding whether to award punitive damages, you should

consider whether defendant may be adequately punished by an award of actual/compensatory

damages only. You should also consider whether actual/compensatory damages alone are

likely to deter or prevent this defendant from again performing any wrongful acts he may have

performed, or whether punitive damages are necessary to provide deterrence.

If you decide to award punitive damages, these same purposes should be considered by you in

determining the appropriate amount of punitive damages. That is, in fixing the sum to be

awarded, you should consider the degree to which the defendant should be punished for his

wrongful conduct, and the degree to which an award of one sum or another will deter defendant

from committing wrongful acts in the future.

If you decide, in your discretion, to award punitive damages, you must use sound reason in

setting the amount — it must not reflect bias, prejudice, or sympathy toward any party. In this

regard, you may consider the financial resources of the defendant in fixing the amount of such

damages (and you may impose punitive damages against one or more of the defendants, and not

others, or against more than one defendant in different amounts). [Adapted from *Modern Fed.*

*Jury Instructions* (Civil), Instr. 87-92, at pp. 87-171 to 87-172; and Instr. 77-5, at pp. 77- 23 to

77-24].

**<u>REQUEST TO CHARGE NO. 41</u>**

<u>Municipal Immunity From Punitive Damages</u>. I direct you that the Erie County Water Authority is immune from punitive damages. You may only award punitive damages against the individual defendants. Whether to award punitive damages against the individual defendants, and the amount of those damages, are within your discretion. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 87-24, at pp. 87-54].

**<u>REQUEST TO CHARGE NO. 42</u>**

<u>Nominal Damages</u>. If you find in favor of Mr. Bovell on one or more of his claims, but you find that his damages have no monetary value, then you may return a verdict in the nominal amount of One Dollar ($1.00). [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 88-71, at pp. 88-156].

## REQUEST TO CHARGE NO. 43

Jury Deliberations — Right to See Exhibits and Hear Testimony; Communications With Court. You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that the testimony be read. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony — in fact any communication with the Court — should be made in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 78-1, at p.78-2].

## REQUEST TO CHARGE NO. 44

Duty to Deliberate/Unanimous Verdict. You will now return to decide the case. In order to prevail, Mr. Bovell must sustain his burden of proof as I have explained it to you with respect to each element of his claim. If you find that Mr. Bovell has succeeded, you should return a verdict in his favor on that claim. If you find that Mr. Bovell failed to sustain the burden on any element of his claim, you should return a verdict against him. Similarly, if you find that the defendants have failed to sustain their burden with respect to any element of their affirmative defense(s), you must return a verdict against the defendants on that defense.

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement. Each of you must decide the case for herself or himself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor of either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a

unanimous verdict. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 78-3, at p.78-7 (citing *Grace Lines, Inc. v. Motley*, 439 F.2d 1028 (2d Cir. 1971))].

## **REQUEST TO CHARGE NO. 45**

Deadlock Charge: Reaching Agreement. This case is important to both Mr. Bovell and the defendants. Both parties, as well as the Court, have expended a great deal of time, effort and resources in seeking a resolution of this dispute.

It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect.

However, I emphasize that no juror should vote for a verdict unless it represents his or her conscientious judgment. [Adapted from *MODERN FED. JURY INSTRUCTIONS* (Civil), Instr. 78-4, at p.78-11 (citing *Vichare v. AMBAC Inc.*, 106 F.3d 457, 465 (2d Cir. 1996))].

## **REQUEST TO CHARGE NO. 46**

Selection of Foreperson. When you retire, you should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

[Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 78-5, at p.78- 19].

62

## **REQUEST TO CHARGE NO. 47**

Return of Verdict. After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in Court. Once your verdict is announced by your foreperson in open Court and officially recorded, it cannot ordinarily be revoked. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 78-6, at p.78-20].

## <u>REQUEST TO CHARGE NO. 48</u>

<u>Special Verdict Form</u>. I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These question are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise. [Adapted from *Modern Fed. Jury Instructions* (Civil), Instr. 78-9, at p.78-25].

Dated: July 29, 2022
      New York, New York

               JOSEPH W. MURRAY, ESQ.

               */s/ Joseph Murray*
               Joseph W. Murray, Esq.
               185 Great Neck Road, Suite 461
               Great Neck, New York 11021
               Cell Phone (718) 514-3855
               Office Phone (646) 838-1702
               Email: joe@jmurray-law.com

               MANCILLA & FANTONE, LLP

By:     */s/ Robert Fantone*
               Robert M. Fantone, Esq.
               260 Madison Avenue, 22nd Floor
               New York, NY 10016
               P: (646) 225 – 6686
               F: (646) 655 – 0269
               robert@law-mf.com

By:     */s/ Andrew Mancilla*
               Andrew Mancilla, Esq.
               andrew@law-mf.com

               *Attorneys for Plaintiff Bovell*

To:    All parties of record via ECF