UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MURASHEA BOVELL,

21-CV-01621 (PMH)(AEK)

Plaintiff,

-v-

CITY OF MOUNT VERNON, New York, GLENN
SCOTT, individually and in his official capacity as Police
Commissioner of the Mount Vernon Police Department,
SHAWN HARRIS, individually and in his official
capacity as former Police Commissioner of the Mount
Vernon Police Department, RICHTON ZIADIE,
individually and in his official capacity as Chief of Mount
Vernon Police Department, GREGORY ADDISON,
individually and in his official capacity within the Mount
Vernon Police Department, MICHAEL KUSHNIR,
individually and in his official capacity within the Mount
Vernon Police Department, ANGELES CHEUNG,
individually and in her official capacity within the Mount
Vernon Police Department, GARY ISHKANIAN,
individually, and in his official capacity within the Mount
Vernon Police Department.

Defendants.

-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE

OXMAN LAW GROUP, PLLC
*Attorneys for Defendants*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 422-3900
(914) 422-3636 (Fax)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................iii

PRELIMIINARY STATEMENT...................................................................................... 1

BACKGROUND............................................................................................................. 3

LEGAL STANDARD ..................................................................................................... 7

MOTION ARGUMENTS ............................................................................................... 8

MOTION NO. 1
THIS COURT SHOULD GIVE THE NYSDHR 'NO PROBABLE CAUSE' DETERMINATION
COLLATERAL ESTOPPEL EFFECT ............................................................................ 8

    A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's New York Executive Law § 296
       Claims Pursuant To The Election Of Remedies Doctrine.................................. 9

    B. This Court Should Give The NYSDHR Determination Preclusive Effect Vis-à-
       Vis Plaintiff's Section 1983 and Title VII Claims ........................................... 10

MOTION NO. 2
THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING ANY EVIDENCE OF
ALLEGED DISCRIMINATION AND/OR RETALIATION OCCURRING PRIOR TO 2018
PURSUANT TO JUDICIAL ESTOPPEL ..................................................................... 12

MOTION NO. 3
THE COURT SHOULD PRECLUDE PLAINTIFF FROM ARGUING FAILED THEORIES OF
LIABLITY AND INTRODUCING EVIDENCE ABOUT FAILED CLAIMS PURSUANT TO THE
DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL...................... 13

MOTION NO. 4
THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE ABOUT
TIME-BARRED CLAIMS............................................................................................. 15

MOTION NO. 5
THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE ABOUT
CLAIMS FOR WHICH HE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES......... 16

MOTION NO. 6
THE COURT SHOULD PRECLUDE PLAINTIFF FROM ELICITING TESTIMONY OR ARGUING
ABOUT OTHER INSTANCES OF POLICE ACTIONS GENERALLY.................... 17

MOTION NO. 7
THE COURT SHOULD PRECLUDE PLAINTIFF FROM SUGGESTING THAT INDIVIDUAL
DEFENDANTS WILL BE INDEMNIFIED BY THE CITY OF MOUNT VERNON ............... 18

MOTION NO. 8
THE COURT SHOULD PRECLUDE PLAINTIFF FROM INQUIRING INTO DEFENDANTS'
DISCIPLINIARY HISTORY............................................................................................18

MOTION NO. 9
THE COURT SHOULD PRECLUDE PLAINTIFF FROM SUGGESTING A DOLLAR AMOUNT
FOR DAMAGES TO THE JURY ..................................................................................19

MOTION NO. 10
DEFENDANTS RESERVE THE RIGHT TO OBJECT TO ALL RECORDINGS, AUDIO AND
OTHERWISE, IN THE EVENT A PROPER FOUNDATION IS NOT LAID FOR THEIR
ADMISSIBILITY, INCLUDING THE DATES OF THE RECORDINGS, AND UPON GROUNDS
OF HEARSAY ..........................................................................................................20

CONCLUSION ........................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*273 Lee Ave. Assoc. v. Steinmetz,*
330 F.Supp.3d 778 (S.D.N.Y. 2018) ........................................................................14

*Areu v. Fox News Network, LLC*
No. 20-CV-8678, 2021 WL 4124226 (S.D.N.Y. Sept. 9, 2021) ...............................17

*Bailey v. Mount Vernon City School Dist.,*
No. 17-CV-9973, 2020 WL 1528481 (S.D.N.Y. March 30, 2020) .......................8, 11

*Bermudez, v. City of New York,*
No. 15-CV-3240, 2019 WL 136633 ......................................................................8, 19

*Consorti v. Armstrong World Indus.,*
72 F.3d 1003 (2d Cir. 1995) ....................................................................................20

*Evans v. Port Authority of New York and New Jersey,*
No. 02 Civ. 3482, 2005 WL 2211309 (S.D.N.Y. Sept. 13, 2005)...................8, 13, 14

*Gorbea v. Verizon New York, Inc.,*
No. 11-CV-3758, 2014 WL 2916964 (E.D.N.Y. June 25, 2014) ........................11, 14

*Harris v. Oscar De La Renta, LLC,*
20-cv-9235, 2022 WL 540659 (S.D.N.Y Feb. 22, 2022) ....................................10, 15

*Huddleston v. United States,*
485 U.S. 681 (1988) .................................................................................................19

*Jean-Laurent v. Hennessy,*
840 F.Supp.2d 549 (S.D.N.Y. 2011) ........................................................................18

*Karam v. County of Rensselaer,*
1:13-cv-01018 (MAD/DJS), 2016 WL 3029951 ......................................................16

*Kosakow v. New Rochelle Radiology Assocs.,*
274 F.3d 706 (2d Cir. 2001) ....................................................................................10

*LaFleur v. Whitman,*
300 F.3d 256 (2d Cir. 2008) ......................................................................................8

*Larez v. Holcomb,*
16 F.3d 1513 (9th Cir. 1994) ....................................................................................18

*Lawson v. Trowbridge,*
    153 F.3d 368 (7th Cir. 1988) ................................................................................. 18

*Nat'l R.R.Passenger Corp. v. Morgan,*
    536 U.S. 101 (2022) ......................................................................................... 15

*New Hampshire v. Maine,*
    532 U.S. 742 (2001) ......................................................................................... 12

*Palmeri v. Defaria,*
    88 F.3d 136 (2d Cir. 1996) ................................................................................. 7

*Phillips v. City of New York,*
    871 F.Supp.2d 200 ......................................................................................... 19

*Ramirez v. N.Y.C. Off-Track Betting Corp.,*
    112 F.3d 38 (2d Cir. 1997) ............................................................................... 19

*Sank v. City Univ. of N.Y.,*
    No. 10-CV-4975, 2011 WL 5120668(S.D.N.Y. Oct. 28, 2011) ............................. 8

*St. Pierre v. Dyer,*
    208 F.3d 394 (2d Cir. 2000) ............................................................................. 14

*United States v. Bermudez,*
    529 F.3d 158 (2d Cir. 2008) ............................................................................... 9

*Univ. of Tenn. V. Elliot,*
    478 U.S. 788 ................................................................................................. 10

*Watson v. City of Kingston,*
    1:15-cv-01356, 2019 WL 1024278 (N.D.N.Y. Mach 4, 2019) ............................. 16

*Williams v. McCarthy,*
    No. 15-CV-10230 (SAS0, 2007 WL 3125314 (S.D.N.Y. Oct. 25, 2007) ............... 18

*York v. Ass'n of Bar of City of N.Y.,*
    286 F.3d 122 (2d Cir. 2002) ............................................................................... 9

*Young v. U.S. Dept. of Justice,*
    882 F.2d 633 (2d Cir. 1989) ............................................................................. 12

## Statutes

42 U.S.C. §2000e................................................................................................3, 6
42 U.S.C. § 1983 ...........................................................................................3, 6, 10
New York Executive Law § 296 ...............................................................3, 4, 6, 9, 10
NYSHRL and Section 1983 .............................................................................11

## Rules

Fed. R. Evid. 401 ...............................................................................................7
Fed. R. Evid. 402 ...............................................................................................7
Fed. R. Evid. 403 ......................................................................................7, 17, 19
Fed. R. Evid. 801(c) .........................................................................................17
Federal Rule of Evidence 404(b)....................................................................18, 19
Rule 104 of the Federal Rules of Evidence ...........................................................7

Defendants the City of Mount Vernon (the "City"), Glenn Scott, Shawn Harris, Richton Ziadie, Gregory Addison, Michael Kushnir, Angeles Cheung and Gary Ishkanian (collectively, the "City Defendants") submit the instant memorandum of law in support of their Motions *In Limine* to exclude and/or limit irrelevant or otherwise inadmissible testimonial and documentary evidence that Plaintiff Murashea Bovell intends to present at trial.

## PRELIMIINARY STATEMENT

Plaintiff actually has no viable claims. His New York State Human Rights Law claims are barred pursuant to the election of remedies doctrine. His Section 1983 claims are barred by collateral estoppel pursuant to black letter law established by the Supreme Court in *Univ. of Tenn. V. Elliot*, 4788 U.S. 788 (1986). His Title VII claims, asserted only against the City and not individual Defendants, are barred by the statute of limitations and failure to exhaust administrative remedies.

The claims in this lawsuit have already been adjudicated against Plaintiff, both in his 2015 Case, and by the New York State Division of Human Rights ("NYSDHR"), which issued a June 11, 2019 "NO PROBABLE CAUSE" determination following investigation relating to Plaintiff's May 2018 Equal Employment Opportunity Commission ("EEOC") complaint. To the extent that a small fraction of Plaintiff's allegations and/or claims may remain live (which is questionable at best), the City Defendants respectfully request that the Court preclude Plaintiff from introducing evidence and making arguments about alleged facts and theories relating to extinguished claims.

Of particular note, between September 9, 2014, and July 15, 2019, Plaintiff was on medical leave and not actively working within the Mount Vernon Police Department. He filed

the previous federal lawsuit on November 3, 2015, alleging racial discrimination, hostile work environment, and retaliation, among other things. All of those claims were adjudged against him by Judge Seibel on summary judgment, and then at trial on the single remaining retaliation claim. To the extent Plaintiff now attempts to argue hostile work environment again, the only time period pertinent to such claims is after July 15, 2019, the date he returned to work, as Judge Seibel rejected hostile work environment claims on summary judgment for failure to raise an inference of discrimination and for failure to exhaust administrative remedies, and Plaintiff did not reenter the "work environment" until after July 14, 2019.

To the extent Plaintiff attempts to argue retaliation, the only alleged retaliatory actions germane to the instant suit are those not litigated in the 2015 Case and which are covered by his new May 31, 2018, EEOC complaint. Construing the instant Complaint extremely generously, at the very most there are three (3) factual instances not covered by the 2015 Case. Two of those three were adjudged by the NYSDHR as without merit following investigation (and are barred by collateral estoppel as illustrated *infra*). The third occurred after the NYSDHR's June 11, 2019, finding of no probable cause. Plaintiff never filed an EEOC complaint related to this third instance (allegedly occurring in July and August of 2019), and his time to do so has long since expired. Claims related thereto are thus barred by the statute of limitations, among other things, especially in light of the fact that the NYSDHR closed its investigation and dismissed Plaintiff's case *prior* to July and August 2019, the dates of the alleged new bad acts.

To the extent the case nonetheless goes forward, Defendants respectfully request that the Court preclude Plaintiff from arguing and introducing evidence relating to his failed claims in the 2015 Case and his 2018 EEOC complaint. As such, Defendants request that the Court preclude:

2

(1) all testimony relating to the time prior to, and all proposed exhibits dated or recorded prior to, July 15, 2019 (the date of Plaintiff's return to work) as not relevant to Plaintiff's discrimination and hostile work environment claims; and

(2) all testimony relating to the time prior to, and all proposed exhibits dated or recorded prior to, June 11, 2019 (the date of NYSDHR's finding of no probable cause) as not relevant to Plaintiff's retaliation claims.

Defendants additionally respectfully request that the Court preclude Plaintiff from arguing and introducing evidence related to time-barred claims and claims for which he failed to exhaust his administrative remedies, namely, all of his Title VII and N.Y. Human Rights Law claims.

## **BACKGROUND**

Plaintiff is a Black Police Officer for the City of Mount Vernon. On or about September 9, 2014, he was injured on the job and placed on medical leave. (Complaint, ECF Doc. No. 2, ¶ 150). He did not return to work until July 15, 2019. (Complaint ¶ 212).

In 2015, Plaintiff sued the City of Mount Vernon and five of its officers/employees in federal court, *Bovell v. City of Mount Vernon, et al.*, 15 Civ. 8594 (November 2, 2015) (the "2015 Case"), alleging retaliation, hostile work environment and discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, 42 U.S.C. § 1983, and New York Executive Law § 296. (Plitt Dec. Ex. A). By Decision & Order from the bench on January 31, 2018, Judge Seibel granted Defendants' motion for summary judgment as to: (1) Title VII discrimination claims against the City; (2) Title VII retaliation claims against the individual defendants; (3) Section 1983 claims against the individual defendants; and (4) the

New York Executive Law § 296 race discrimination and retaliation claims against the City and individual defendants.   (Plitt Dec. Ex. B at 63).

The sole surviving claim prior to trial in the 2015 Case was Plaintiff's Title VII claim for retaliation against the City.  (*Id.*).  That claim was based upon Plaintiff's assertion that the City and its General Municipal Law ("GML") benefits § 207-c vendor, Disability Management Associates ("DMA"), began harassing him with respect to his GML § 207-c benefits for his line-of-duty knee injury, and that the City terminated his  § 207-c benefits in retaliation for his complaints of bias in the Police Department.  (*Id.* at 63).[1]  Plaintiff lost that claim at trial and judgment was entered against him.  (Plitt Dec. Ex. C).

On May 31, 2018, Plaintiff filed a new complaint with the Equal Employment Opportunity Commission ("EEOC"), transferred to the New York State Division of Human Rights ("NYSDHR"), alleging discrimination based upon race, color,  disability and retaliation. (Plitt Dec. Ex. D at 3-4).  That complaint states: "From 2008 to the present, I have been discriminated against and retaliated against by Respondents[sic] supervisors. I have been subjected to offensive slurs,  given unfair and untrue evaluations, given odd or less desirable job assignments, denied medical benefits, denied vacation transfers, and suffered Defamation of Character." (Plitt Aff. Ex. D at 3).  It also refers back to Plaintiff's allegations regarding § 207-c benefits: "Respondent and Captain Goldman (who is racist) have continuously denied and neglected my medical benefits pertaining to on-duty injuries I had sustained." (*Id.* at 4).

---

[1] General Municipal Law § 207-c provides, in relevant part, that when a deputy sheriff Is partially disabled as a result of a line-of-duty injury he is eligible to receive workers' compensation benefits.

Granting Plaintiff every possible favorable inference, the EEOC complaint states that the City and its employees in the Police Department continued to harass and retaliate against Plaintiff following his 2014 EEOC complaint and the 2015 Case. It identifies April 11, 2018 as the date the allegedly new discrimination took place, citing to an incident in which Plaintiff sought to renew his police identification card while out on disability, and Defendant Sgt. Addison "approached me and began shouting loudly, to intentionally humiliate and shame me," kicking him out of the building. (Plitt Aff. Ex. D at 4). Plaintiff also cites to "excessive and agonizing Physical and Psychological Examinations by Respondent which have caused me increased anxiety," and claims that the City and its employees "continuously denied and neglected my medical benefits pertaining to on-duty injuries I had sustained." (*Id.*).

On June 11, 2019, the NYSDHR issued a "NO PROBABLE CAUSE" determination relating to Plaintiff's EEOC complaint holding:

(i) "there is insufficient evidence of a nexus between Respondent's conduct and Complainant's disabilities and race";

(ii) Plaintiff's "race claims are time-barred" and

(iii) "Complainant's claims that Respondent retaliated against him by cancelling his health insurance and failing to schedule a hearing to return to work are also unsupported." (Ex. E at 1, 2).

On or about June 11, 2019, the NYSDHR sent Plaintiff a copy of that Determination. (*Id.* at 4). By Notice dated November 24, 2020, the EEOC notified Plaintiff that it closed his file because "The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." (Ex. F at 1).

Plaintiff then filed the instant lawsuit on February 24, 2021, asserting claims of racial discrimination pursuant to Title VII, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, 42 U.S.C. § 1983, and the New York State Human Rights Law, N. Y. Executive Law § 296.[2] It is largely duplicative of Plaintiff's 2015 Case.

The 2021 Complaint alleges, "The retaliatory conduct referred to in the instant complaint occurred subsequent to adjudication of the federal suit in April 2018 or while that suit was pending adjudication." (Complaint, ECF Doc. 2 ¶ 62). However, the vast majority of allegations are reiterations of allegations from the 2015 Case, and concern actions that occurred prior to 2018. It appears that there are only three (3) alleged discriminatory and/or retaliatory incidents occurring in April 2018 or later giving rise to Plaintiff's claims here:

(1) An April 11, 2018 incident in which Defendant Sgt. Addison "yelled over to Plaintiff in a demeaning and condescending way" and informed Plaintiff "that he was not allowed to be inside the police facility while he was out sick and then further humiliated Plaintiff by escorting him to the door compelling Plaintiff to leave without first having renewed his police identification card" while Plaintiff was out on disability leave. (Complaint ¶¶ 172-178).

(2) Alleged unnecessary and incorrect "Fitness For Duty" tests and findings in June 2018 relating to Plaintiff's psychological and medical conditions and records, including Defendants' alleged wrongful termination of Plaintiff's 207-c benefits and revocation of Plaintiff's pistol permit. (Complaint ¶¶ 179-209).

---

[2] Plaintiff also brought claims alleging discrimination based upon disability pursuant to the Americans With Disabilities Act of 1990. By letter dated November 17, 2022, Plaintiff advised the Court that he "does not intend to pursue the fourth, fifth, tenth, and eleventh causes of action asserting violations under the Americans with Disabilities Act." (ECF Doc. No. 47).

(3) Alleged July 15, July 16, August 7 and August 8, 2019 incidents in which Plaintiff found a rubber rat near his locker on his first day back to work following his disability leave, and Defendants Addison and Kushnir laughed and made comments about "rats".

## **LEGAL STANDARD**

The purpose of a motion *in limine* is to allow the trial court to rule on the admissibility and relevance of certain anticipated evidence before that evidence is introduced at trial. *See Palmeri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

A motion *in limine* calls on the court to make a preliminary determination on the admissibility of evidence under Rule 104 of the Federal Rules of Evidence. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. In addition to relevancy, evidence may be excluded if "its probative value is substantially outweighed by a danger [of] . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court has the "discretion to balance probative value against possible prejudice" under Rule 403. *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## MOTION ARGUMENTS

### MOTION NO. 1

### THIS COURT SHOULD GIVE THE NYSDHR 'NO PROBABLE CAUSE' DETERMINATION COLLATERAL ESTOPPEL EFFECT

"Under New York law, collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same." *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2008). "When it applies, collateral estoppel divests a federal district court of subject matter jurisdiction over the precluded issue." *Bailey v. Mount Vernon City School Dist.*, No. 17-CV-9973, 2020 WL 1528481, *9 (S.D.N.Y. March 30, 2020)(*quoting Sank v. City Univ. of N.Y.*, No. 10-CV-4975, 2011 WL 5120668, *3(S.D.N.Y. Oct. 28, 2011)).

Here, Defendants respectfully assert that the Court should preclude all evidence and argument relating to alleged incidents occurring prior to June 11, 2019 as barred by collateral estoppel. *See e.g., Evans v. Port Authority of New York and New Jersey*, No. 02 Civ. 3482, 2005 WL 2211309 (S.D.N.Y. Sept. 13, 2005)(granting defendant's motion *in limine* to preclude plaintiff from relitigating issues raised in his prior action); *Bermudez v. City of New York*, 15-CV-3240, 2019 WL 136633, *3 (E.D.N.Y. Jan. 8, 2019) (granting defendant's motion *in limine* to preclude evidence or argument that plaintiff's arrest was unlawful pursuant to collateral estoppel).

Alternatively, the Court should instruct the jury that Defendants' actions in 2018 and 2019, including the April 11, 2018 incident, allegations and circumstances surrounding the "Fitness for Duty" physical and psychological examinations, and issues surrounding Plaintiff's health and

207-c benefits, have already been found by a jury, and later by the NYSDHR, to be legal and not undertaken for retaliatory or racially discriminatory motives as a matter of law.

### A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's New York Executive Law § 296 Claims Pursuant To The Election Of Remedies Doctrine

Under the election of remedies doctrine, a complainant seeking to bring claims pursuant to the New York State Human Rights Law has two options: (1) the plaintiff may seek administrative review through the NYSDHR, or (2) the plaintiff may seek judicial review in state or federal court. *See York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002). These options are mutually exclusive. Accordingly, once a complainant elects the NYSDHR, claims for violation of the New York State Human Rights Law "may not be brought again as a plenary action in another court." *Id.* A complainant who elects the administrative forum may "appeal only to the Supreme Court of [the] State of New York." *Id.*

In this case, Plaintiff filed his administrative complaint that underlies this lawsuit with the EEOC on May 31, 2018. (Plitt Aff. Ex. D at 3-4). The EEOC transferred that complaint to the New York Division of Human Rights. (*Id.* at 1). By letter dated November 2, 2018, the NYSDHR informed Plaintiff that his complaint was transferred and stated: "If you consent to the transfer, please sign and notarize the Division complaint cover page with the EEOC charge attached and return it to the Division to begin the investigation process." (*Id.*). On November 20, 2018, Plaintiff consented to the transfer. (*Id.* at 5).

The November 20, 2018 Verified NYSDHR Complaint references the New York State Human Rights Law (Executive Law, Article 15), Section 296, and Plaintiff also states: "I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964." (*Id.* at 2).

By Determination and Order After Investigation dated June 11, 2019, the NYSHR dismissed

Plaintiff's complaint, finding "NO PROBABLE CAUSE." (Plitt Dec Ex. E). Accordingly, the

election of remedies doctrine divests this Court of jurisdiction over Plaintiff's New York State

Human Rights Law, N. Y. Executive Law § 296 claims. *See Harris v. Oscar De La Renta, LLC*,

20-cv-9235, 2022 WL 540659, *3 (S.D.N.Y. Feb. 22, 2022)(election of remedies divested court

of jurisdiction over NYSDHL discrimination claims where plaintiff elected administrative

forum).

### B. This Court Should Give The NYSDHR Determination Preclusive Effect Vis-à-Vis Plaintiff's Section 1983 and Title VII Claims[3]

Pursuant to the U.S. Supreme Court's holding in *Univ. of Tenn. V. Elliot*, 478 U.S. 788, the

NYSDHR's administrative decision carries collateral estoppel effect with respect to Plaintiff's

N.Y. Human Rights claims and his Section 1983 claims. "[W]hen a state agency acting in a

judicial capacity resolves disputed issues of fact properly before it which the parties have had an

adequate opportunity to litigate, federal courts must give the agency's factfinding the same

preclusive effect to which it would be entitled in the State's courts." *Id.* at 799 (internal

quotations omitted). A New York State agency determination will collaterally estop a plaintiff

from subsequently bringing suit if there is an "identity of issue has necessarily been decided in

the prior action and is dispositive of the present action," and the party to be estopped had a "full

and fair opportunity to contest the decision now said to be controlling." *Kosakow v. New

Rochelle Radiology Assocs.*, 274 F.3d 706, 728 (2d Cir. 2001).

---

[3] To the extent the Court does not apply the election of remedies doctrine to Plaintiff's NYSHRL claims, Defendants respectfully request that the Court give the Agency determination preclusive effect to those claims.

The proponent of preclusion bears the burden of proving identity of issue, while the adverse party bears the burden of proving that he lacked a full and fair opportunity to litigate the issue. *See id.* The NYSDHR here found that "[t]he evidence adduced from the investigation does not support Complainant's assertion that Respondent engaged in unlawful discriminatory practices against Complainant because he has a psychological disability, a physical disability, and is Black. Specifically, there is insufficient evidence of a nexus between Respondent's conduct and Complainant's disabilities and race." (*Id.* at 1). This holding defeats Plaintiff's NYSHRL and Section 1983 claims based upon the same alleged bad acts. *See Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758, 2014 WL 2916964, *3 (E.D.N.Y. June 25, 2014)(granting defendant's motion *in limine* to exclude evidence of claims dismissed by administrative agency). Additionally, Plaintiff references Title VII in his NYSDHR complaint and thus his claims pursuant to this statue should be precluded as well. (Plitt Aff. Ex. D at 2).

Plaintiff cannot reasonably dispute the identity of issue between the NYSDRH proceeding and the present action. The EEOC complaint references the April 11, 2018 incident set forth in the instant operative Complaint, issues regarding Plaintiff's psychological and medical exams, and retaliation generally. (*See* Compliant ¶¶ 172-178). The NYSDHR Determination and Order after Investigation also references Plaintiff's complaints regarding tests and findings relating to Plaintiff's psychological and medical conditions and records, including Defendants' alleged wrongful termination of Plaintiff's 207-c benefits and firearm determinations, all of which allegedly occurred prior to the June 11, 2019, Determination, and, indeed, were already examined and rejected in the 2015 Case. (Plitt Dec. Ex. E at 2-3). Thus, Plaintiff's § 1983 claims are barred. *See Bailey*, 2020 WL 1528481 at *10 (school district's administrative process

and finding collaterally estopped plaintiff from raising related discrimination claims in federal court).

## MOTION NO. 2

### THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING ANY EVIDENCE OF ALLEGED DISCRIMINATION AND/OR RETALIATION OCCURRING PRIOR TO 2018 PURSUANT TO JUDICIAL ESTOPPEL

Paragraph 62 of the operative instant Complaint states: "The retaliatory conduct referred to in the instant complaint occurred subsequent to adjudication of the federal suit in April 2018 while that suit was pending." Plaintiff should thus not be permitted to introduce evidence of alleged discrimination and/or retaliation occurring before this date pursuant the doctrine of judicial estoppel.

The Supreme Court has described the doctrine of judicial estoppel thusly: "Where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)(internal quotations omitted). Courts have recognized that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *Id.* at 750; *see Young v. U.S. Dept. of Justice*, 882 F.2d 633, 639 (2d Cir. 1989).

Plaintiff here presumably sought to avoid a potential motion by Defendants arguing that Plaintiff's claims have already been litigated against him and are barred by claim and issue preclusion. He should not now be permitted to make an about-face and introduce evidence or argument concerning pre-2018 events.

Additionally, allowing at trial any evidence or testimony regarding facts and claims previously raised and determined against Plaintiff in the 2015 Case would be unduly prejudicial as the City has already expended significant resources briefing these claims on its motion for summary judgment and defeating them at trial, and would be required to expend additional resources defending them at a second trial, years later. Moreover, allowing evidence or testimony regarding events and claims previously advanced by Plaintiff, and ultimately decided against him, would confuse the issues and could result in an unfair or inconsistent verdict. Thus, any and all evidence and argument regarding claims previously determined against Plaintiff should be barred as irrelevant to Plaintiff's new claims.

## **MOTION NO. 3**

### **THE COURT SHOULD PRECLUDE PLAINTIFF FROM ARGUING FAILED THEORIES OF LIABLITY AND INTRODUCING EVIDENCE ABOUT FAILED CLAIMS PURSUANT TO THE DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL**

In the 2015 Case, Plaintiff claimed that he was discriminated against on the basis of race, that he suffered a hostile work environment on the basis of race, and that he suffered retaliation for exposing alleged racism within the Mount Vernon Police Department. Judge Seibel dismissed all of Plaintiff's claims on summary judgment, save for retaliation, which was then adjudged against Plaintiff at trial. Plaintiff is thus collaterally estopped – and therefore should be precluded – from presenting or arguing any facts, incidents or legal theories, covered in the 2015 Case. Additionally, the Court should preclude Plaintiff from presenting or arguing any facts, incidents or legal theories that could have been raised in the 2015 Case, even if they were not, pursuant to the doctrine of *res judicata*. *See Evans v. Port Authority of New York and New Jersey*, No. 02 Civ. 3482, 2005 WL 2211309, *2 (S.D.N.Y. Sept. 13, 2005)(granting defendant's

motion *in limine* on issue and claim preclusion grounds because plaintiff previously filed similar lawsuit that was dismissed in part on summary judgment and then at trial).

Collateral estoppel, or issue preclusion, bars re-litigation of an issue of law or fact that was "actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit." *273 Lee Ave. Assoc. v. Steinmetz*, 330 F.Supp.3d 778, 789 (S.D.N.Y. 2018). The doctrine of *res judicata*, or claim preclusion, bars relitigating issues that were or could have been raised in a prior action that resulted in a final judgment on the merits. *See St. Pierre v. Dyer,* 208 F.3d 394, 399 (2d Cir. 2000).

Here, Plaintiff's 2015 and 2021 claims are nearly identical, both in form and substance. To the extent the individual Defendants were not named by Plaintiff in the 2015 Case, Plaintiff could have named them, but did not, and thus any claims against the individuals stemming from pre-2018 alleged acts are barred by *res judicata*. Moreover, Plaintiffs New York State Human Rights Law and Section 1983 claims are barred as a matter of law pursuant to the doctrine of collateral estoppel, as set forth *supra*. Title VII claims cannot be advanced against individuals, and thus any remaining Title VII claim would proceed against the City only.

In short, Plaintiff had a full and fair opportunity to litigate his claims stemming from pre-2018 acts, and in fact did litigate those claims, and should thus be precluded from a second bite at the apple here. *See Gorbea,* 2014 WL 2916964 at *2 (granting defendant's motion *in limine* on issue preclusion grounds and holding that evidence relating to previously-dismissed claims be precluded as irrelevant pursuant to Rule 402); *Evans,* 2005 WL 2211309 at *2-3 (same).

<u>**MOTION NO. 4**</u>

<u>**THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE
ABOUT TIME-BARRED CLAIMS**</u>

The alleged incidents not covered by the 2015 Case occurred in April 2018 (Complaint

¶¶ 172, 179, 183), June 2018 (¶ 185, 188, 194), and July and August 2019 (¶¶ 212, 216, 223,

226). Plaintiff filed his one and only EEOC complaint applicable to the instant case on May 31,

2018. As noted by the NYSDHR Determination and Order, "The record shows that

Complainant's race claims are time barred. The Human Rights Law provides that all claims

must be brought within one year of the last discriminatory incident. Here, Complainant has not

worked since 2014. The record does contain several instances of derogatory racial remarks and

references. However, all of Complainant's race claims occurred more than a year prior to when

the instant complaint was filed. As such, Complainant's race assertions are time barred." (Pitt

Dec. Ex. E at 2). Plaintiff's Title VII claims stemming from the July and August 2019 incidents

are likewise time-barred because Plaintiff was required to file a complaint with the EEOC within

300 days of each discrete alleged bad act, and Plaintiff is far past that deadline. *See Harris v.*

*Oscar De La Renta, LLC,* 20-cv-9235, 2022 WL 540659, *4-5(S.D.N.Y. February 22,

2022)(dismissing Title VII claims related to 2014 and 2015 acts as untimely where plaintiff filed

EEOC charge in 2019 related to 2019 act).

The "continuing violation doctrine" cannot salvage Plaintiff's claims here. That doctrine

does not apply to discrete discriminatory acts that are otherwise time-barred. *See Nat'l*

*R.R.Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2022). Taking Plaintiff's claims as true, he

experienced three separable sets of adverse employment and/or retaliatory actions, each one

requiring its own EEOC complaint. *See Harris*, 2022 WL 540659 at *4. To the extent Plaintiff

seeks to claim a hostile work environment, which is a continuing violation, the 2015 Case held

no hostile work environment as a matter of law, and thus pre-2018 acts alleged and/or examined in that lawsuit cannot form a basis for such a claim. Moreover, Plaintiff was out on medical leave from 2014 until July 15, 2019, and thus could not have been subject to any hostile work environment until he was back in the environment on July 15, 2019. And, Plaintiff does not even allege that he "rat" incidents on July 15, August 7 and August 8, 2019 support a hostile work environment claim or implicate race; he appears to advance these allegations in support of a retaliation claim. Such a claim requires exhaustion of administrative remedies withing the prescribed time period, which did not happen here.

Importantly, the time-barred acts of alleged discrimination here consist of alleged discriminatory and retaliatory acts made toward Plaintiff, not toward his protected class in general. "Without being used as background evidence to show a pattern of general hostility toward the protected class, the allowance of pre-[2019] comments and actions would only serve to prejudice Defendants and confuse the jury." *Karam v. County of Rensselaer*, 1:13-cv-01018(MAD/DJS), 2016 WL 3029951, *3 (N.D.N.Y. May 25, 2016)(granting defendants' motion *in limine* to preclude evidence of time-barred discrimination claims). *See Watson v. City of Kingston*, 1:15-cv-01356, 2019 WL 1024278, *2 (N.D.N.Y. March 4, 2019)(granting motion *in limine* to amend caption to remove defendant dismissed due to statute of limitations).

## MOTION NO. 5

### THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE ABOUT CLAIMS FOR WHICH HE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

Title VII permits a private plaintiff to file suit in federal court, but only after that plaintiff has exhausted his administrative remedies and received notice of his right to sue from the EEOC.

*See e.g., Areu v. Fox News Network, LLC,* 20-CV-8678, 2021 WL 4124226, *7 (S.D.N.Y. Sept. 9, 2021). Plaintiff filed a single EEOC complaint following his 2015 Case, on May 31, 2018. (Plitt Aff. Ex. D at 2). The case was transferred upon Plaintiff's consent to the NYSDHR, which conducted an investigation and ultimately issued a NO PROBABLE CAUSE determination, dismissed the case, and closed the file on June 11, 2019. (Plitt Aff. Ex. E).

Plaintiff never filed another EEOC complaint, yet his federal Complaint in this action seeks redress for alleged discriminatory incidents occurring in June 2018, and July and August 2019. Because he never complied with Title VII's administrative-charge-filing requirement, he may not pursue these Title VII claims. *See Areu,* 2021 WL 4124226 at *7 (Title VII's charge-filing requirement is a claim-processing rule that is mandatory and failure to satisfy it is fatal to a plaintiff's Title VII claim).


## **MOTION NO. 6**

### **THE COURT SHOULD PRECLUDE PLAINTIFF FROM ELICITING TESTIMONY OR ARGUING ABOUT OTHER INSTANCES OF POLICE ACTIONS GENERALLY**

The Court should preclude Plaintiff from referring to other purported instances of discrimination. Whether some other police officer at some other time allegedly violated the Constitutional rights of Plaintiff or another person has no capacity to establish or refute the facts of this matter. Furthermore, Defendants in this case are unable to defend or reject the conduct of other officers. Fed. R. Evid. 403. Finally, allowing Plaintiff's counsel to make such references would allow inadmissible hearsay because Plaintiff would be seeking to offer out of court statements for the their truth. Fed. R. Evid. 801(c).

## MOTION NO. 7

### THE COURT SHOULD PRECLUDE PLAINTIFF FROM SUGGESTING THAT INDIVIDUAL DEFENDANTS WILL BE INDEMNIFIED BY THE CITY OF MOUNT VERNON

Plaintiff should be precluded from presenting any evidence or argument to the jury regarding the City of Mount Vernon's potential obligation to indemnify the individual Defendants. Indemnification has no bearing on the facts of Plaintiff's claims or damages. *See e.g., Lawson v. Trowbridge*, 153 F.3d 368 (7th Cir. 1988)(stating it is generally improper to inform the jury about government indemnification); *Larez v. Holcomb*, 16 F.3d 1513, 1519 (9th Cir. 1994)(district court's instruction that city would indemnify defendant police officer constituted prejudicial error). If a jury is permitted to assume that any verdict will be paid by the City of Mount Vernon, the jury may not make a careful effort to assess liability or to determine Plaintiff's alleged damages. "[C]ourts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages aware because it knows the government – not individual defendants – is footing the bill." *Lawson*, 153 F.3d at 376. Thus, District Courts in this Circuit routinely preclude parties from mentioning the possibility of indemnification at trial. *See e.g., Jean-Laurent v. Hennessy*, 840 F.Supp.2d 549, 550 (S.D.N.Y. 2011); *Williams v. McCarthy*, 2 No. 05 Civ. 10230 (SAS), 2007 WL 3125314 (S.D.N.Y. Oct. 25, 2007).

## MOTION NO. 8

### THE COURT SHOULD PRECLUDE PLAINTIFF FROM INQUIRING INTO DEFENDANTS' DISCIPLINIARY HISTORY

Plaintiff should be precluded from inquiring about any disciplinary histories and civil rights actions which have been filed against Defendants, because such questioning is in direct conflict with Federal Rule of Evidence 404(b). Rule 404(b) states that evidence of past acts "to prove the character of a person in order to show action in conformity therewith" is inadmissible.

Under Rule 404(b), evidence of past acts are only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." However, evidence of prior bad acts is not automatically admissible simply because the proponent has articulated some not-for-character purpose.

As the Supreme Court held in *Huddleston v. United States*, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, Rule 404 (b) requires a two-part analysis: first, whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and second, even if it does, a balancing test under Rule 403, of whether the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice. *See* Advisory Committee Notes to FED. R. EVID. 404(b).

Here, the potential for confusion substantially outweighs any probative value. Thus, the Court should preclude plaintiff from questioning the individual Defendants regarding their disciplinary histories and/or other civil rights claims. *See Bermudez*, 2019 WL 136633 at *8.

### MOTION NO. 9

### THE COURT SHOULD PRECLUDE PLAINTIFF FROM SUGGESTING A DOLLAR AMOUNT FOR DAMAGES TO THE JURY

If Plaintiff proves that he is entitled to damages, he should be precluded from suggesting a specific dollar amount to the jury. While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount to the jury, it has repeatedly emphasized that specifying target amounts for the jury to award is disfavored. *See Ramirez v. N.Y.C. Off-Track Betting Corp.*, 112 F.3d 38, 40 (2d Cir. 1997)(internal citation omitted); *Phillips v. City of New York*,

871 F.Supp.2d 200, 208 (citing *Consorti v. Armstrong World Indus.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 116 S.Ct. 2576 (1996)).

"A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly . . . . We encourage trial judges to bar such recommendations." 72 F.3d at 1016.

## MOTION NO. 10

**DEFENDANTS RESERVE THE RIGHT TO OBJECT TO ALL RECORDINGS, AUDIO AND OTHERWISE, IN THE EVENT A PROPER FOUNDATION IS NOT LAID FOR THEIR ADMISSIBILITY, INCLUDING THE DATES OF THE RECORDINGS, AND UPON GROUNDS OF HEARSAY**

Plaintiff intends to offer into evidence several surreptitiously-recorded audio recordings. Until Plaintiff's counsel attempts to do so, Defendants cannot know the foundation that will be laid nor whether they will constitute inadmissible hearsay. Defendants thus reserve the right to object to all recordings at trial upon any and all grounds.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their

motions *in limine* in their entirety, together with such other and further relief as the Court deems

just and proper, including dismissal of this action *in toto* for the legal deficiencies described

herein.


Dated: White Plains, New York
December 13, 2022


OXMAN LAW GROUP, PLLC
*Attorneys for Defendants*

By:  */s/ Julie Pechersky Plitt*
JULIE PECHERSKY PLITT, ESQ.
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 422-3900
(914) 422-3636 (Fax)