UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MURASHEA BOVELL,

                        Plaintiff,                  21-cv-01621 (PMH)(AEK)

   -v-

CITY OF MOUNT VERNON, New York, GLENN SCOTT, individually and in his official capacity as Police Commissioner of the Mount Vernon Police Department, SHAWN HARRIS, individually and in his official capacity as former Police Commissioner of the Mount Vernon Police Department, RICHTON ZIADIE, individually and in his official capacity as Chief of Mount Vernon Police Department, GREGORY ADDISON, individually and in his official capacity within the Mount Vernon Police Department, MICHAEL KUSHNIR, individually and in his official capacity within the Mount Vernon Police Department, ANGELES CHEUNG, individually and in her official capacity within the Mount Vernon Police Department, GARY ISHKANIAN, individually, and in his official capacity within the Mount Vernon Police Department.

                        Defendants.
-----------------------------------------------------------------X

## Joint Pre-Trial Order Pursuant to Rule 26(a)(3) and the Court's Individual Practice Rules 6(A)&(B)

1.  **The Full Caption**

    The full caption is included above.

2.  **The Names, Addresses, Email Addresses, and Office and Mobile Telephone Numbers of Principal Members of the Trial Teams**

For the Plaintiff:

**Joseph W. Murray**
Joseph Murray, Esq.
185 Great Neck Rd, Ste. 461
Great Neck, New York 11201
T (646) 838-1702
M (718) 514-3855
F (646) 514-4771
joe@jmurray-law.com

**Robert M. Fantone**
Mancilla & Fantone, LLP
260 Madison Avenue, 22nd Fl.
New York, New York 10016
T (646) 225-6686
M (585) 613-6204
F (646) 255-0269
robert@law-mf.com

**Andrew L. Mancilla**
Mancilla & Fantone, LLP
260 Madison Avenue, 22nd Fl.
New York, New York 10016
T (646) 225-6686
M (315) 521-0561
F (646) 255-0269
andrew@law-mf.com

For the Defendants:

**John W. Buckley**
Oxman Law Group, PLLC
120 Bloomingdale Road, Ste. 100
White Plains, New York 10605
T (914) 422-3900
M (845) 274-5212
F (914) 422-3900
jbuckley@oxmanlaw.com

**Julie Pechersky Plitt, Esq.**
**Partner**
**Oxman Law Group, PLLC**
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Tel. No. (914) 422-3900 ext. 119
Direct: (914) 368-9070
Fax No. (914) 422-3636
jplitt@oxmanlaw.com

**Marc S. Oxman, Esq.**
**Partner**
**Oxman Law Group, PLLC**
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Tel. No. (914) 422-3900 ext. 117
Fax No. (914) 422-3636
moxman@oxmanlaw.com

### 3. Statements Regarding Subject Matter Jurisdiction And Objections

#### a. Plaintiff's Statement

Jurisdiction is founded upon 28 U.S.C. § 1331 in that Plaintiff alleges claims which arise under the laws of the United States; 28 U.S.C. § 1343(1) in that Plaintiff seeks to recover damages from the deprivation of Plaintiff's civil rights in the furtherance of defendants' conspiracy pursuant to 42 U.S.C. §§ 1983, 1985(3); 28 U.S.C. § 1343(2) in that Plaintiff seeks to recover damages from defendants who failed to prevent or failed to aid in preventing damages caused by defendants conspiracy pursuant to 42 U.S.C. §§ 1983, 1985(3), that defendants had knowledge of and the power to prevent; 28 U.S.C. § 1343(3) in that Plaintiff seeks to recover damages from defendants to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; 28 U.S.C. § 1367 in that Plaintiff invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims.

With respect to the Defendants' arguments regarding jurisdiction, please see our response to their motion in limine.

#### b. Defendants' Objections to Subject Matter Jurisdiction

Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's New York Executive Law § 296 claims pursuant to the election of remedies doctrine, as Plaintiff consented to, and those claims were subject of, administrative review (resulting in a "NO PROBABLE CAUSE" DETERMINATION) by the New York State Department of Human Rights ("NYSDHR"). Defendants further contend that the Court should give collateral estoppel effect

to the NYSDHR Determination, thereby divesting this Court of subject matter jurisdiction over Plaintiff's federal claims.

4. **<u>Statements regarding claims and defenses</u>**

a. **Plaintiff's Claims:**

Plaintiff asserts causes of action for discrimination and retaliation pursuant to Title VII and 42 U.S.C. § 1983 (implicating the First and Fourteenth Amendments), as well as state causes of action for violations of the New York State Human Rights Law and Negligent Infliction of Emotional Distress. Mr. Bovell first attempted to bring change to the extensive sexism, racism, and corruption that Mr. Bovell witnessed first-hand within the Mount Vernon Police Department ("MVPD") by reporting relevant instances of such to superiors within the Mount Vernon Police Department, and subsequently the Mayor of Mount Vernon. Mr. Bovell eventually filed a civil complaint in Federal Court, detailing several instances of racism and corruption. He also filed several subsequent complaints detailing instances of sexism, racism, and corruption.

For his disclosures, the Defendants retaliated against Mr. Bovell by, among other things, attempting to baselessly terminate Mr. Bovell on multiple occasions, refusing to promote him to Detective status, depriving him of injury designations and medical benefits he was entitled to, providing Mr. Bovell with an unfair performance evaluation, and labeling Mr. Bovell a "rat" within the department, thus encouraging harassment of Mr. Bovell.

Mr. Bovell subsequently brought these issues into the national spotlight by disclosing the information he had, as well as tape recordings he made, to the Gothamist media outlet, which spread news of the MVPD's racist and corrupt practices to the world. Mr. Bovell's disclosures kicked off an investigation by the Westchester County District Attorney's Office, as well as the Department of Justice. They also caused the transfer of one of the MVPD's most troublesome

officers, Detective Camillo Antonini. However, Mr. Bovell continued to experience retaliation by those within the MVPD.

### b. Defendants' Defenses

Defendants deny that the City, its elected officials, its employees, its contractors or agents discriminated or retaliated against Plaintiff in any way. In fact, despite a spotty attendance record and a documented history of filing unfounded complaints, Plaintiff advanced in his career by securing coveted assignments in the Mount Vernon Police Department ("MVPD") and was promoted to the rank of Sergeant prior to the initiation of the current action.

Additionally, the instant suit is barred by the doctrines of *res judicata*, collateral estoppel, law of the case, failure to exhaust administrative remedies, and by the applicable statutes of limitations. To wit, Plaintiff initiated a nearly identical lawsuit in 2015, *Bovell v. City of Mount Vernon, et al.*, 15-cv-08594. In that suit, Judge Siebel granted Defendants' motion for summary judgment on all but one of Plaintiff's claims, and the remaining claim was adjudicated against him at trial. Additionally, Plaintiff filed his sole Equal Employment Opportunity Commission ("EEOC") / New York State Division of Human Rights("NYSDHR") complaint applicable to the instant suit on May 31, 2018. By Determination and Order dated June 11, 2019, the NYSDHR made a "No Probable Cause" determination against Plaintiff relating to the claims subject of the instant suit. Thus Plaintiff is precluded from litigating alleged instances of retaliation and/or discrimination after that date. The holdings of Judge Siebel and the NYSDHR apply with equal force here and thus Plaintiff's claims have already been adjudicated on the merits and determined against him.

Plaintiff's Complaint explicitly asserts that the retaliatory and/or discriminatory conduct subject to the instant lawsuit occurred after April 2018. (*See* Complaint ¶ 62). Thus he should

also be judicially estopped from alleging earlier instances of discrimination. To the extent Plaintiff alleges post- 2018 acts, they did not result in adverse employment actions, hostile work environment and/or were not racially motivated.

The defendants deny the plaintiff's allegation that he acted as a whistleblower to reveal corrupt and racist practices in the MVPD. Despite being given repeated access to senior police and elected officials, he was never able to provide those officials with substantive proof of any concerted pattern of racist or corrupt behavior within the MVPD. His complaints were determined to be without merit by both City officials, and a Federal Court.

Plaintiff's Complaint conveniently ignores the fact that during the time period in which he alleges a pattern of racism both the City Administration and the MVPD were racially diverse. In fact, during the entirety of the plaintiff's employment, the Police Commissioner was a Black person, the MVPD leadership team contained numerous Black officers, three successive Mayors were Black and the members of the City Council were all Black. It strains credulity to believe that the plaintiff was singled out for disparate treatment based on his race when the leadership was so diverse.

The plaintiff's claim that it was he who raised the specter of racism within the MVPD is also without merit. Both the Westchester County District Attorney's and the Department of Justice investigations focused on the MVPD's treatment of the City's Black citizens. Neither investigation looks at racism within the MVPD.

The defendants specifically deny that the transfer of Detective Camillo Antonini was precipitated by any whistleblower action taken by the plaintiff.

Defendants will seek to preclude trial evidence of the nature described in Defendants' Motion in Limine.

Defendants will argue at trial that Plaintiff has failed to meet its burden of proof with clear and convincing evidence to each of the pleaded causes of action.

Defendants will argue that Plaintiff's testimony is not credible and, as such, inadmissible.

5. **Damage Breakdown**

    a.    $65,330.20 in economic damages stemming from:

        i.    $22,000.00 tax free sick time that Plaintiff lost because his injury was not designated line-of-duty;

        ii.    $2,000.00 in lost deferred compensation benefits;

        iii.    $500.00 to Dr. Paul Gunser to perform a "fit for duty" exam and report to combat Defendants' fraudulent exam;

        iv.    $6,250.00 in Attorneys' fees expended to combat Defendants' efforts to remove Plaintiff's firearm licenses/permits and other issues;

        v.    $4,000.00 in back pay for time Plaintiff was improperly placed on unpaid leave;

        vi.    $30,000.00 in lost stipend pay stemming from Defendants' unjust failure to promote Plaintiff to Detective (10 years multiplied by a $3,000.00 stipend per year);

        vii.    $500.00 in mailing and postage; and,

        viii.    $11,480.00 in interest on certain of these items, at the rate of 9 percent, per annum (per the CPLR);

    b.    $50,000.00 for pain and suffering caused by the Defendants' actions that led to the improper medical treatment of his injuries;

    c.    $500,000.00 in emotional damages stemming from the racism, retaliation, and hostile workplace created by the Defendants (Plaintiff has been receiving ongoing therapy since 2018);

    d.    The following amounts for each individual defendant in punitive damages:

| | |
|---|---|
| GLENN SCOTT | $300,000.00 |
| SHAWN HARRIS | $300,000.00 |
| RICHTON ZIADIE | $150,000.00 |
| GREGORY ADDISON | $150,000.00 |
| MICHAEL KUSHNIR | $150,000.00 |
| ANGELES CHEUNG | $150,000.00 |
| GARY ISHKANIAN | $50,000.00 |

  e. An award of attorneys' fees calculated by multiplying the hours for work performed by $500.00 per hour.

Defendants will argue that Plaintiff's claim for damages and attorney's fees are unsupported by competent evidence. Defendants will argue that punitive damages are unsustainable.

  **6.** **<u>Statement regarding Jury Demand and Length of Trial</u>**

Both Parties are demanding a trial by jury and expect the length of the trial to be five days, exclusive of jury selection. Plaintiff consents to a verdict by a less than unanimous jury finding. Defendant does not consent to a less than unanimous jury finding.

  **7.** **<u>Stipulations and/or Agreed Statements of Fact or Law</u>**

Based on review of the Parties exhibit lists, it appears that both parties have many of the same exhibits on their exhibit lists, which both parties would stipulate are admissible; however, as explained below, Plaintiffs have not had an opportunity to review the Defense exhibits (first received at 1:19 p.m. on December 13, 2022) and therefore cannot stipulate at this time.

### 8. Plaintiff's Witness List

1. Name: Police Commissioner Glenn Scott
   Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; Phone: 914-665-2510
   Information: Involved with police corruption and retaliation against Plaintiff. Refused to promote Plaintiff to the rank of Detective, and penalized Plaintiff for speaking to the media and others outside of the MVPD about racism, sexism, and corruption within the MVPD.

2. Name: Police Commissioner Shawn Harris
   Contact: 1 Hill Ave, Washingtonville, NY 10992; Phone: 914-879-5788
   Information: Involved with police corruption and retaliation against plaintiff. Directed plaintiff to submit to bogus fitness for duty exams; ordered plaintiff to surrender his firearms; placed plaintiff on involuntary unpaid leave; denied plaintiff due process of law in failing to hold a Civil service Law § 72 hearing, despite due demand for same.

3. Name: Chief Richton Ziadie
   Contact: 3609 Boller Avenue, Bronx New York
   Information: Witnessed police corruption and retaliation against plaintiff. Plaintiff recorded a conversation between Chief Ziadie and plaintiff in which Chief Ziadie informed plaintiff that it was Police Commissioner Shawn Harris who orchestrated the retaliation against plaintiff.

4. Name: Dr. Gary Ishkanian
   Contact: 12 North 7th Avenue, Mount Vernon, New York
   Information: Part of the corruption with the MVPD in wrongfully denying plaintiff his line of duty medical benefits and failed to approve medical treatment for plaintiff's line of duty injury.

5. Name: Dr. Angeles Chung
   Contact: 445 Park Avenue, New York, New York 10222
   Information: Psychological doctor who conducted the bogus fitness for duty examination and prepared the report that resulted in the wrongful removal of plaintiff's firearms and being placed on unpaid medical leave.

6. Name: Lieutenant Gregory Addison
   Contact: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; Phone: 914-665-2510

<u>Information</u>: Part of the police corruption and retaliation against plaintiff. He was present when plaintiff discovered the small rubber rat which was placed near plaintiff's locker in the locker room and ran out laughing out loud. He was also present during roll call when Sgt. Kushnir called plaintiff a rat. Both Sgt Kusnir and Lt. Addison were laughing about it in the hallway, while looking at plaintiff. He also played a roll in the denial of plaintiff's line of duty medical treatment. Lt. Addison was present when plaintiff appealed his unjust/unfair evaluation in or around 2020. Plaintiff provided the conversion documents to Lt. Addison in order to have his sick days restored. Ordered plaintiff in to submit to an improper drug test.

7. <u>Name</u>: Sergeant Michael Kushinir
   <u>Contact</u>: 9 Sharon Way, Yonkers, New York
   <u>Information</u>: Part of the police corruption and retaliation against plaintiff. Sgt. Kushinir called plaintiff a rat in front of other officers at roll call. He was then suspended and retired.

8. <u>Name</u>: Sergeant Jean-Jerome
   <u>Contact</u>: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-490-5938
   <u>Information</u>: Witnessed police corruption within the police department and how plaintiff was mistreated.

9. <u>Name</u>: Dispatcher Twana Richards
   <u>Contact</u>: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
   <u>Information</u>: Witnessed the "rat" comments by Sgt. Kushinir and can testify to the hostile work environment Plaintiff was forced to endure. Also knows about and witnessed corruption by the MVPD.

10. <u>Name</u>: Detective Avion Lee
    <u>Contact</u>: MVPD 2 Roosevelt Sq N. Mount Vernon, NY 10550; 914-665-2500
    <u>Information</u>: Is aware of corrupt practices within the MVPD

11. <u>Name</u>: Dr. Gregory I. Mack, PhD.
    <u>Contact</u>: 220 Route 6, Mahopac, NY 10541; 845-282-3367
    <u>Information</u>: Treatment provider to Plaintiff that can testify to the lack of integrity of Angeles Cheung's conclusions.

12. <u>Name</u>: Cindy Maric, LCSW
    <u>Contact</u>: 731 Saw Mill River Road, Suite 7, Ardsley, NY 10502; (516) 330-1818

<u>Information</u>: Treatment provider to Plaintiff that can testify to the lack of integrity of Angeles Cheung's conclusions.

At trial Defendants will object to any testimonial evidence that is deemed by the court to be irrelevant, immaterial and/or collaterally estopped on grounds more fully set forth in Defendants' Motion in Limine.

  **b. Defendant's Witness List**

**Defendants reserve the right to call as witnesses each of the individuals named by Plaintiff in its Witness List. Additionally, Defendants reserve the right to call the below named additional witnesses, and any other such witnesses as may be required to refute unanticipated direct examination on Plaintiff's case.**

1. Angeles M. Cheung, Ph.D with offices at : Angeles.Cheung@gmail.com ; works from home.
   Information: Angeles M. Cheung, Ph.D. will testify as to her psychological examination of Plaintiff on April 24, 2018

2. William O. Wagstaff with offices at 75 South Broadway, White Plains, NY 10601
   Information: William Wagstaff, Esq. will testify as to his knowledge of the history of police corruption allegations directed at the Mount Vernon Police Department and of Officer Bovell's allegations.

3. Anthony Scarpino with offices at 555 Theodore Freund Avenue, Rye, New York 10580
   Information: Anthony Scarpino, Esq. will testify as to the Westchester County District Attorney's Office investigation of Officer Bovell's complaints regarding Department corruption.

4. Commissioner Glenn Scott
   Information: Commissioner Glenn Scott will testify as to his oral communications with Sgt. Bovell, his written exchange of communications with Bovell and his personal knowledge of corruption allegations within the Department.

5. Chief Marcel Olifiers
   Information: Chief Marcel Olifiers will testify as to his written communications with Sgt. Bovell, the department's anti-harassment policies and his knowledge of the history police corruption allegations.

6. Captain Michael Goldman
   Information: Captain Michael Goldman will testify as to his written communications with Officer Bovell, including communications pertaining to Bovell's failure to cooperate with the Department and its agents in connection with the release of medical records and document necessary to process a 207-C benefit claim.

7. Lt. Robert Wuttke
   Information:   Lt. Robert Wuttke will testify as to his annual performance appraisal of Officer Bovell and of his personal knowledge of Bovell's work history within the Department.

8. Lt. Gregory Addison
   Information:  Lt. Gregory Addison will testify as to Bovell's disciplinary record, his record of unauthorized absences, his attendance record, Bovell's Promotion Panel evaluations and of his personal knowledge of Bovell's wok history within the Department. In addition, Addison will testify as to Bovell's history of promotions, salary increases and completion of external training.

9. Sgt. Anthony McEachin
   Information:  Sgt. Anthony McEachin, Ret. will testify as to his annual performance appraisal of Officer Bovell and of his personal knowledge of Bovell's work history within the Department.

10. Sgt. Dellamura
    Information:  Sgt. Dellamua, Ret.  will testify as to his annual performance appraisal of Officer Bovell and of his personal work knowledge of Bovell's work history within the Department.

11. Sgt. Curzio
    Information:  Sgt. Curzio will testify as to his annual performance appraisal of Officer Bovell and of his personal knowledge of Bovell's history within the Department.

12. John Campo
    Information:   John Campo will testify as to his personal knowledge of police corruption allegations within the Department.

13. Officer Camilio Antonini
    Information:  Officer Emilio Antonini will testify as to his knowledge of police corruption allegations within the Department

Note: Contact addresses for police officials/officers is City of Mount Vernon Police Department c/o Lt. Gregory Addison, 2 Roosevelt Square, Mount Vernon, NY 10550.

14. Shawn Harris
    Information:  Former Commissioner Shawn Harris will testify as to his oral communications with Officer Bovell, his written exchange of communications with Bovell and his personal knowledge of police corruption allegations within the Department.

15. Dr. Gary Ishkaninan
    Information:  Dr. Gary Ishkanian will testify as to his personal knowledge/ diagnoses of Officer Bovell.

16. Michael Kushnir
    Information: Michael Kushnir will testify as to his personal knowledge of Office Bovell's allegations of corruption within the Police Department and of his medical condition.

17. Sgt. Rucci
    Information: Sgt. Rucci will testify as to his annual performance appraisal of Sgt. Bovell and of his personal knowledge of Bovell's history within the Department.

    Note: Addresses forthcoming.

Mayor Shawyn Patterson -Howard
    Contact: 1 Roosevelt Square N, Mount Vernon. NY 10550; (914) 665-2300
    Information: City equal opportunity practice and procedures; City requests for third party investigations

18. Brian Johnson, Corporation Counsel
    Contact: 1 Roosevelt Square N, Mount Vernon. NY 10550; (914) 665-2300
    Information: City equal opportunity practice and procedures: City investigations into plaintiff's complaints

19. Michael Lentini, Legal Investigator,
    Contact: 1 Roosevelt Square N. Mount Vernon, NY 10550
    Information: City investigations into plaintiff's complaints.

20. Robert Ponzini Esq.
    He will testify to his findings related to Plaintiff's 207c determination.

**9.     Designation of Deposition Testimony**

    N/A

**10a.    Plaintiff's Exhibit List**

1 - 2015-11-2 Federal Complaint
2 - 2017-4-26  Return to work Letter from Police Commisioner
3 - 2017-11-22 BOVELL ADMIN DAY REQUEST
4 - 2017-12-10 MVPD HARRASSMENT COMPLAINT
5 - 2018-1-2 MVPD HARRASSMENT COMPLAINT NEW CITY COUNCIL
6 - 2018-1-5 Outgoing_Call - Po_Campo TAPE 1 - 20180105_215815

7 - 2018-2-8 Outgoing_Call - Po_Campo - 20180208_201317
8 - 2018-3-19 Defendants Closing Brief
9 - 2018-3-19 Post Hearing Brief. FINAL
10 - 2018-4-9 Email to LT Nawrocki -Commissioner Harris to
11 - 2018-4-10 BOVELL MVPD2018 ACCOUNTABILITY
12 - 2018-4-10 BOVELL EMAIL MVPD2018 ACCOUNTABILITY
13 - 2018-4-16 Email of NOTIFICATION ADDITIONAL REQUEST
14 - 2018-4-16 Letter FFD Exam letter from Commis Harris
15 - 2018-4-16 MV5 207C ADDITIONAL REQUEST
16 - 2018-4-22 EMAIL of MV5 to MVPD COMMISSIONERS-MAYOR-CITY- CURROPTI
17 - 2018-4-22 MV5 to MVPD COMMISSIONERS-MAYOR-CITY- CURROPTION IN MVP
18 - 2018-4-26 Complaint to COMMISSIONERS-MAYOR-MVPD CITY
19 - 2018-5-22 Letter-Complaint to HR Commissioner 1
20 - 2018-6-1 207C disability Hearing Decision
21 - 2018-6-12 Appeal to return to work letter from Commissioner Harri
22 - 2018-6-15 Appeal letter to Commissioner Harris-Speizio-Mayor Thomas- Corruption
23 - 2018-6-19 Emails with docs and Requesting FFD results
24 - 2018-6-25 Invol-Leave of absence letter from Commish Harris
25 - 2018-7-5 Certified Mail Receipts for Response to Leave with no pa
26 - 2018-7-5 Response appeal Letter to Commissioner Harris Leave without pay
27 - 2018-7-6 Stamped Notice of Claims to MVPD- CITY OF MV
28 - 2018-7-24 -2ndNotice of Claim Commissioner Harris and Receipt
29 - 2018-7-24 Notice of Claim MV Law Dept and Receipt
30 - 2018-7-24 PISTOL LICENSE REVOCATION- APPEARANCE
31 - 2018-8-1 Cindy Romano Letter- Bovell No threat
32 - 2018-8-2 Dr Gregory Mack Phd Addenum report of Bovell
33 - 2018-8-2 Dr Gregory Mack Report - Bovell
34 - 2018-8-2 Dr Gregory Mack Resume
35 - 2018-8-9 FFD Exam by Dr Paul Gunser -Officer Bovell
36 - 2018-11-21 Email to PBA president Gamble to file Gre
37 - 2018-11-26 Email to from PBA president Gamble refusi
38 - 2018-12-12 Copy of Booklet of Stamps with receipt mailed to LT Na
39 - 2018-12-19 Email Letter to LT Nawrocki and others reg
40 - 2018-12-19 Letter to LT Nawrocki and others regarding my checks-s
41 - 2019-1-10 Judge decision Firearms and Fit for Duty
42 - 2019-1-31 3rd Notice of Claim City Of Mount Vernon 4 pages
43 - 2019-2-4 Lohud Article on Joseph Speizio Driving with
44 - 2019-2-21 Article on Joseph Speizio Judgement violati
45 - 2019-3-15 Article on News12 Commissioner Shawn Harris
46 - 2019-7-2 Forth Notice of Claim Served Stamped City of MV Law Dept

47 - 2019-7-15 Paste on locker
48 - 2019-7-15 Rat Picture
49 - 2019-7-15 Text to Chief w rat
50 - 2019-8-7 Sgt Michael Kushner Calling me a Rat at Roll Call 3 min 18 sec
51 - 2019-8-8 Sgt Michael Kushner calling me a Rat during Roll Call 2 min 27 sec
52 - 2019-9-5 5th Notice of Claim Bovell 9-5-19- stamped CITY OF MV
53 - 2019-11-14 Fax to Dr Ishkanian for Dr Totero Rep and
54 - 2019-12-21 Email with Property voucher From Nawrocki
55 - MVPD HARRASSMENT POLICY
56 - 2019-3-12 Harris letter
57 - 2019-5-3 Bovell Letter re medical records
58 - 2018-7-26 Copy of Pistol Permit
59 - 2020-12-4 Independant Drug Test Quest
60 - 2020-12-5 Bovell Urine Drug Test results Quest Diagnostics
61 - 2020-12-4 Email re Voided Drug Specimens
62 - 2020-11-5 Glenn Scott Email-1
63 - 2020-11-5 Glenn Scott Email-2
64 - MVPD Facebook Screenshot
64a - Glenn Scott Facebook recording
65 - MVPD Facebook Screenshot 2
66 - MVPD Facebook Screenshot 3
67 - MVPD Facebook Screenshot 4
68 - MVPD Facebook Screenshot 5
69 - MVPD Facebook Screenshot 6

70a - Outgoing_Call - Po_Campo - 2018 Commisioner Cover up
70b - Incoming_Call - Po_Campo TAPE 2 - 2018
70c - Incoming_Call - Po_Campo TAPE 3 - 2018
70d - 2H
70e - 2P
70f - 2Q
70g - 3P
70h - 4H
70i - 6E

71a - 3I Det Patterson
71b - 3T
71c - 3U
71d - 3V
71e - 2017-1-11 Outgoing_Call - Det_Patterson - 20171115_092954

71f - 2017-1-11 Outgoing_Call - Det_Patterson - 20171115_174445
71g - 2017-6-11 Incoming_Call - Det_Patterson (Antonini beat up) - 20170611_203319
72 - PO Evans 4F
73 - Outgoing_Call - Po_Lee - 20170425_163115
74 - January 15-2020 Meeting with Commissioner Scott 20200115185449-068
75 - Dr. Totero`s IME Report EXAM REPORT  Claim# CG-18657-0137  WCB#
76 - 2020-6-13 unfair Evaluation by Sgt Rucci with a appeal
77 - 2020-6-14 Bovell Appeal and copy request to Evaluation MV5
78 - 2020-6-13 Bovell Sick time asbense sheets given my Sgt Rucci
79 - 2020-6-14 Bovell Retalatory MVPD evaluation MV5
80 - 2020-6-15 Evaluation Appeal request of Sgt Rucci

At trial Defendants will object to any exhibit that is deemed by the court to be irrelevant, immaterial and/or collaterally estopped on grounds more fully set forth in Defendants' Motion in Limine.

**10.b** **Defendant's Exhibit List**

Defendants reserve the right to enter into evidence the below referenced exhibits, and any such other exhibits as may be required to refute unanticipated exhibits admitted on Plaintiff's case.

- A. 05/01/2018 Psychological Fitness for Duty Examination   Angeles Cheung
- B. 04/04/2019 Comm. Scott to Bovell   Return to Work Letter: AWOL Status
- C. 03/20/2019 Bovell Letter to Comm Harris and Lt. Nawrocki: Medical Docs- Not Provided
- D. 06/02/2018 Comm. Harris to Bovell Letter: Hearing Officer Decision Confirmed
- E. 11/02/2017 Lt. Nawrocki to Bovell Letter: Unused Vacation Days
- F. 03/06/2016 Cap't. Goldman to Bovell Letter: Failure to Cooperate
- G. 2018-2019  Annual Sick Time Records
- H. 03/11/2015 Civilian Complaint #14-33 with Supervisor Notes
- I. 03/12/2019 Comm. Harris to Bovell: Return to Work Letter
- J. 03/20/2019 Bovell reply to Comm. Harris /3/12/2019 Letter
- K. 06/12/2018 Comm. Harris to Bovell Letter: Response to Appeal from Decision
- L. 11/02/2017 Lt. Nawrocki to Bovell: Vacation Time
- M. 03/13/2015 Cap't. Goldman to Bovell Letter: 207-C Claim
- N. 03/06/2015 Cap't. Goldman to Bovell Letter: Duty to Cooperate- 207-C claim
- O. 01/29/2015 Cap't. Goldman to Bovell Letter: 207-C Claim Process
- P. 02/26/2015 Cap't. Goldman to Bovell Letter: Duty to Cooperate- 207-C Claim
- Q. 02/05/2015 Sgt. Wuttke's- Bovell Performance Evaluation-2013-2014
- R. 10/27/2014 Cap't. Goldman to Bovell: Confirmation of 207-C Benefits
- S. 11/14/2013 Notice of Personnel Change: Salary Increase

| | | |
|---|---|---|
| *T.* | 07/03/2012 | Sgt. McEachin's- Bovell Performance Evaluation-2011-2012 |
| *U.* | 10/12/2012 | Personnel Order: Commissioner's Day Award to Bovell |
| *V.* | 02/23/2012 | Bovell Signed Receipt of City Anti-Harassment Policy Statement |
| *W.* | 08/01/2011 | Notice of Personnel Change: Salary Increase |
| *X.* | O6/06/2011 | Sgt. Militano's- Bovell Performance Evaluation-2010-2011 |
| *Y.* | 05/04/2011 | Personnel Order: Commissioner's Day Award to Bovell |
| *Z.* | 05/22/2010 | Sgt. DellaMura's- Bovell Performance Evaluation-2009-2010 |
| *AA.* | 03/03/2009 | Sgt. Curzio's- Bovell Performance Evaluation-2007-2009 |
| *BB.* | 03/19/2009 | Washington D.C. Metro Police Bovell Employment Request |
| *CC.* | 07/23/2009 | Notice of Personnel Change: Salary Increase |
| *DD.* | 07/16/2008 | Notice of Personnel Change: Salary Increase |
| *EE.* | 11/05/2007 | NY Criminal Justice Services Course Completion Certificate |
| *FF.* | 07/23/2007 | Notice of Personnel Change: Appointment as Probationary Officer |
| *GG.* | 02/20/2021 | Oath of Office for Bovell Promotion to Sergeant |
| *HH.* | 04/23/2019 | Notice of Personnel Change: 80 Hours Absent Without Pay |
| *II.* | 07/05/2019 | Bovell Letter to Comm. Harris |
| *JJ.* | 10/18/2009 | Corruption Allegations MV Police. Black Political Caucus (mountvernonexposed.blogspot.com/2009) |
| *KK.* | 02/18/2011 | Corruption Allegations MV Police. Black Political Caucus (mountvernonexposed.blogspot.com/2009/10) |
| *LL.* | 03/01/2021 | MV PD internal Investigation into Corruption and Misconduct (yonkerstimes.com/mt-vernon-internal investigation-into-corruption) |
| *MM.* | 09/24/2020 | Mount Vernon Police Tapes: A Cop Describes a Gunman… (gothamist.com/news/mount-vernon-police-tapes-) |
| *NN.* | 09/25/2020 | Whistleblower Cop Calls on Westchester D.A. to Recuse Himself (gothamist.com/news/whistleblower -cop-calls-westchester- county) |
| *OO.* | 06/03/2020 | Tapes Pointing to MV police misconduct turned over to D.A. (Lohud.com/story/news/local/mountvernon/2020/06/03) |
| *PP.* | 11/25/2019 | Black Cop Says Boss Called Him a Rat (Gothamist.com/news/black-cop-says-) |
| *QQ.* | 02/18/2021 | Abuse of Force (esquire.com/news-politics/a35300854) |
| *RR.* | 02/22/2018 | Transcript of Summary Judgment Decision, *Bovell v. City of Mount Vernon*, 15 Civ. 8594 (CS) |
| *SS.* | 04/12/2018 | Civil Judgment, *Bovell v. City of Mount Vernon*, 15 Civ. 08534 (CS) |
| *TT.* | 06/25/2018 | Comm. Harris to Bovell Letter: Involuntary Leave of Absence with Exhibits |
| *UU.* | 11/02/2018 | NYS Division of Human Rights Letter to Bovell enclosing EEOC Complaint and Consent to Transfer to NYSDHR |
| *VV.* | 06/11/2019 | NYDHR Determination and Order After Investigation |
| *WW.* | 11/24/2020 | EEOC Right to Sue Letter |

| | | |
|---|---|---|
| XX. | 09/17/2020 | Lt. Addison to Cap't. Hastings: Bovell Sick Record Impact on Performance Evaluation. |
| YY. | 06/08/2017 | Comm. Harris to Bovell Letter: Final Notice Return to Work |
| ZZ. | 03/12/2019 | Comm. Harris to Bovell Letter: Return to Work-Light Duty |
| AAA. | 04/04/2019 | Comm. Scott to Bovell Letter: AWOL for Failure to Provide Records |
| BBB. | 06/01/2018 | Hearing Officer Report of Findings and Recommendation |
| CCC. | 10/10/2019 | Lt. Nawrocki email to self: Bovell Sick Time and Therapy |
| DDD. | 06/15/2020 | Sgt. Rucci-Bovell Performance Evaluation-2019-2020 |
| EEE. | 10/14/2020 | Lt. Addison to Chief Olifiers: Investigation of Bovell Claim that Lt. Fischer Gives Black Offices Bad Evaluations. |
| FFF. | 06/15/2020 | Lt. Addison to Bovell: Department Records with Corruption Allegations |
| GGG. | 06/14/2020 | Bovell Officer's Report: Retaliatory Evaluation Unallocated Line of Duty and sick time. |
| HHH. | 02/10/2021 | Lt. Addison to Comm. Scott: Career Summary of Bovell |
| III. | Undated | Bovell Autobiography |
| JJJ. | Undated | Police Department Training Unit: Bovell Training Record |
| KKK. | 02/15/2021 | Promotion Interview Scorecard: Panel Member Scott |
| LLL. | 02/15/2022 | Promotion Interview Scorecard: Panel Member Hastings |
| MMM. | 02/15/2022 | Promotion Interview Scorecard: Panel Member Morales |
| NNN. | 02/15/2021 | Promotion Interview Scorecard: Panel Member Olifiers |
| OOO. | 02/15/2021 | Promotion Interview Scorecard: Panel Member Lackard |
| PPP. | 07/30/2010 | Deputy Chief Miller to Chief Barbara Duncan: Congratulatory Letter For Participation in Operation PROTECT III |
| QQQ. | 08/15/2018 | Transcript of 50-h hearing of Murashea Bovell |
| RRR. | 07/27/2017 | Plaintiff's Counterstatement of Facts Pursuant to Local Rule 56.1 |
| SSS. | 10/31/2022 | Lt. Addison to Commissioner of Police Supervisor Report – Violation of Rules and Regulations |

**Plaintiff's Objections:**

Plaintiff relies upon the arguments contained in its motion in limine, the reason being that Defense counsel first produced the entirety of its 71 exhibits on December 13, 2022 via emails starting at 1:19 P.M.. In the event the Court does not preclude all of the Defendant's on this basis, the Plaintiff reserves its right to object to Defendant's objections once Plaintiff's counsel has had a fair opportunity to review them.

    **11.** **Proposed Schedule re. Demonstrative Exhibits and Outstanding Issues**

Demonstrates to be exchanged and remaining issues to be conveyed to the Court by January 23, 2023.

Defendants anticipate the use of no demonstrative exhibits, but reserve the right to employ same for the purpose of refuting unanticipated testimonial and evidentiary evidence offered on Plaintiff's case.

Dated: December 13, 2022
New York, New York

                                          JOSEPH W. MURRAY, ESQ.

                                        */s/ Joseph Murray*
                                        Joseph W. Murray, Esq.
                                        185 Great Neck Road, Suite 461
                                        Great Neck, New York 11021
                                        Cell Phone (718) 514-3855
                                        Office Phone (646) 838-1702
                                        Email: joe@jmurray-law.com

                                        MANCILLA & FANTONE, LLP

                    By:     */s/ Robert Fantone*
                              Robert M. Fantone, Esq.
                              260 Madison Avenue, 22nd Floor
                              New York, NY 10016
                              P: (646) 225 – 6686
                              F: (646) 655 – 0269
                              robert@law-mf.com

                    By:     */s/ Andrew Mancilla*
                              Andrew Mancilla, Esq.
                              andrew@law-mf.com

                              *Attorneys for Plaintiff Bovell*

                              OXMAN LAW GROUP, PLLC

                    By:     *s/s John W. Buckley*
                              John W. Buckley, Esq.
                              120 Bloomingdale Road, Suite 100
                              White Plains, New York 10605
                              jbuckley@oxmanlaw.com
                              *Attorneys for Defendants*