# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MURASHEA BOVELL

                  Plaintiff,          Civil Action No. 21-CV-01621 (PMH)
                                                                 (AEK)
    v.

CITY OF MOUNT VERNON, New York, GLENN
SCOTT, individually and in his official capacity as
Police Commissioner of the Mount Vernon Police
Department, SHAWN HARRIS, individually and in his
official capacity as former Police Commissioner of
the Mount Vernon Police Department, RICHTON
ZIADIE, individually and in his official capacity as
Chief of the Mount Vernon Police Department,
GREGORY ADDISON, individually and in his
official capacity within the Mount Vernon Police
Department, ANGELES CHEUNG, individually and in
her official capacity within the Mount Vernon Police
Department, GARY ISHKANIAN, individually, and in his
official capacity within the Mount Vernon Police
Department.

                  Defendants.
-----------------------------------------------------------x

## **DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants City of Mount Vernon (the "City"), Glenn Scott (the "Commissioner"), Shawn Harris (the "Former Commissioner"), Richton Zladie (the "Chief"), Gregory Addison ("Addision"), Angeles Cheung ("Cheung") and Gary Ishkanin ("Ishkanian") (collectively the "Defendants"), by and through their undersigned counsel, make the following initial disclosures to the Plaintiff in the above captioned matter. These disclosures are based on information presently known and reasonably available to the Defendants and which they believe may use in support of their claims and defenses. Continuing investigation and discovery may cause the Defendants to amend these initial disclosures by

identifying other potential witnesses, documents and by disclosing other pertinent information. The Defendants therefore reserve the right to supplement these initial pleadings.

The Defendants object to any disclosure of information or documents beyond that which is required by the Federal Rule of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Southern District of New York, or other applicable law, rule or order. By providing these initial disclosures, the Defendants do not represent that they are identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without the Defendants in any way waiving their right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any appropriate grounds. Further, these disclosures are not an admission by the Defendants regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

## DISCLOSURES

i. **The name and, if known, the address telephone number of each individual likely to have discoverable information -along with the subjects of that information -that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1) City of Mount Vernon
c/o John W. Buckley, Esq.
Oxman Law Group, PLLC
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Tel: (914) 422-3900
jbuckley@oxmanlaw.com

The City is likely to have knowledge of the facts and circumstances relevant

to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

2)     Glenn Scott, Commissioner Mount Vernon Police Department
c/o John W. Buckley, Esq.
Oxman Law Group, PLLC
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Tel: (914) 422-3900
jbuckley@oxmanlaw.com

The Commissioner is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

3)     Shawn Harris, Former Commissioner Mount Vernon Police Department
c/o John W. Buckley, Esq.
Oxman Law Group, PLLC
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Tel: (914) 422-3900
jbuckley@oxmanlaw.com

The Former Commissioner is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

4)     Richton Ziadie, Chief, Mount Vernon Police Department
c/o John W. Buckley, Esq.
Oxman Law Group, PLLC
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Tel: (914) 422-3900
jbuckley@oxmanlaw.com

The Chief is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

5)     Gregory Addison, Sergeant, Mount Vernon Police Department
c/o John W. Buckley, Esq.
Oxman Law Group, PLLC
120 Bloomingdale Road, Suite 100
White Plains, New York 10605

        Tel: (914) 422-3900
        jbuckley@oxmanlaw.com

        The Sergeant is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

6)    Dr. Gary Ishkanian, Duty Doctor, Mount Vernon Police Department
      c/o John W. Buckley, Esq.
      Oxman Law Group, PLLC
      120 Bloomingdale Road, Suite 100
      White Plains, New York 10605
      Tel: (914) 422-3900
      jbuckley@oxmanlaw.com

      The Duty Doctor is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

7)    Paul Nawrocki, Lieutenant, Mount Vernon Police Department
      c/o John W. Buckley, Esq.
      Oxman Law Group, PLLC
      120 Bloomingdale Road, Suite 100
      White Plains, New York 10605
      Tel: (914) 422-3900
      jbuckley@oxmanlaw.com

      The Lieutenant is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

8)    Angeles Cheung, PHD, Consulting Neuropsychologist to the Mount Vernon Police Department
      c/o John W. Buckley, Esq.
      Oxman Law Group, PLLC
      120 Bloomingdale Road, Suite 100
      White Plains, New York 10605
      Tel: (914) 422-3900
      jbuckley@oxmanlaw.com

      The Consultant is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in

his complaint in the instant action.

9)  Brent Gamble, Detective, Mount Vernon Police Department
    c/o John W. Buckley, Esq.
    Oxman Law Group, PLLC
    120 Bloomingdale Road, Suite 100
    White Plains, New York 10605
    Tel: (914) 422-3900
    jbuckley@oxmanlaw.com

    The Consultant is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

10) Charles Totero, MD, Consulting Physician, Mount Vernon Police Department
    c/o John W. Buckley, Esq.
    Oxman Law Group, PLLC
    120 Bloomingdale Road, Suite 100
    White Plains, New York 10605
    Tel: (914) 422-3900
    jbuckley@oxmanlaw.com

    The Physician is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Murashea Bovell ("Officer Bovell" or "Plaintiff") in his complaint in the instant action.

11) Murashea Bovell
    c/o Joseph W. Murray, Esq.
    185 Great Neck Road, Suite 461
    Great Neck, New York 11021
    Tel: (646) 838-1702
    joe@jmurray-law.com

    Officer Bovell is likely to have knowledge of the facts and circumstances relevant to this action, including but not limited to, the alleged incidents of discrimination pled by him in the instant action.

ii). **A copy- or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may be used to support its claims or defenses, unless the use would be solely for impeachment.**

The following comprises the enumerated documents, data compilations and other tangible things in the possession, control or custody of the Defendants to which the Defendants may use to support their claims or defenses in the instant action.

a. Plaintiff's employment records and additional documents from the Mount Vernon Police Department.

b. Medical records and reports prepared by Mount Vernon Police Department consultants.

c. Records associated with the New York State Division of Human and Rights.

There may be additional documents whose relevance becomes known to the Defendants during discovery or trial. Therefore, the Defendants reserve the right to amend or supplement these disclosures if and when appropriate and further reserve the right to rely on any documents identified by Plaintiff or produced in this case by any party or third party.

**iii).    A computation of each category of damages claimed by the disclosing party- who must also make available for inspection and copying as provided under Rule 34 the   on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable.

**iv).    For inspection and copying as provided under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The City of Mount Vernon self-insures itself, its departments, officials and agents up to a maximum of $350,000.

Dated: White Plains, New York
        October 20, 2021

OXMAN LAW GROUP, PLLC

John W. Buckley, Esq. (#1513381)
*Attorneys for the Defendants*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
Tel.: 914-422-3900
jbuckley@oxmanlaw.com