UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MURASHEA BOVELL,

                Plaintiff,                  **ORDER**

    -against-                              21-cv-1621 (AEK)

CITY OF MOUNT VERNON,
NEW YORK, *et al.*,

                Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      The Court has received and reviewed the parties' motions *in limine*. ECF Nos. 53, 60. It is apparent that both sets of motions raise issues that will require further briefing, argument, and perhaps submission of evidentiary materials. The Court's concerns about these filings are separate and apart from the numerous additional issues that Defendants have raised in the pretrial memorandum of law that they filed earlier today. ECF No. 64.

      Moreover, although the parties appear to agree that the claims in this case are limited to events that occurred subsequent to the trial in Plaintiff's prior federal court action, which took place in April 2018, *Bovell v. City of Mount Vernon, et al.*, 15 Civ. 8594 (CS) (S.D.N.Y.), the current record leaves the Court with many questions about the shape and scope of the matters to be tried and what evidence is genuinely necessary for the parties to adequately set forth their claims and defenses.

      Despite the Court's instructions to the parties at the September 13, 2022 status conference, there are still more than two dozen non-duplicative witnesses listed on the parties' revised joint pretrial order, as well as a large number of exhibits. *See* ECF No. 56. Notably, while Plaintiff significantly reduced his number of proposed witnesses as compared to the 29

witnesses he listed in the original joint pretrial order, *see* ECF No. 32, Defendants significantly *increased* their number of proposed witnesses even after the Court's admonitions.  If the parties are going to insist on such a large array of witnesses, the Court may have to take additional measures to manage the trial, including, potentially, the imposition of strict time limits on each side's presentation of evidence.  Further consideration of the issues in dispute—through a combination of discussion among the parties and the Court's resolution of the outstanding motions—may obviate the need for such measures, but this will take time.

    For all of these reasons, the Court intends to adjourn the trial—currently scheduled to begin on January 30, 2023—until later in 2023.  The Court will, however, proceed with the currently scheduled in-person conference on January 5, 2023 at 11:00 a.m. in Courtroom 250 to discuss these issues and potential new trial dates.

Dated: December 23, 2022
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

2